■ THEODORE BULOW, Appellant, v JUDITH BULOW, Respondent.—In proceedings for modification of a prior support order, and for enforcement of the support order, the husband Theodore Bulow appeals from an order of the Family Court, Westchester County (Bellantoni, J.), dated March 18, 1985, which denied his petition for a downward modification of support, granted that branch of the wife Judith Bulow's petition which was for leave to enter a money judgment for $11,415, and found Theodore Bulow in contempt and ordered him incarcerated for six months, staying execution for 30 days from the entry of judgment to enable him to purge himself of contempt by complying with the court's prior order by satisfying the money judgment.

Order reversed, on the law and the facts, without costs or disbursements, and matter remitted to the Family Court, Westchester County, for a new hearing and determination in accordance herewith.

A review of the record reveals that from July 1983 until October 1983, Theodore Bulow was employed at a job in which he earned a salary which, if annualized, would have been $65,000 per year. Thereafter, he attempted to start his own business and to seek other employment and did work for a number of concerns as a salesman of cellular telephones. The evidence further reveals that during the 65-week period at issue, Mr. Bulow earned some $13,300 while the support payments for that period totaled $14,625. This evidence was uncontroverted. There is no evidence in the record that Mr. Bulow was working at some undisclosed occupation, was earning money that was unreported or did not make a conscientious effort to obtain employment. Nor was there any evidence that Mr. Bulow's termination from his high-paying position was self-created. Moreover, it is uncontradicted that he was reimbursed by his present wife for some of the expenditures made by him that could be considered above and beyond his normal living expenses.

In order to form the basis for a contempt commitment, the willful violation of a prior court order must be established by

clear and convincing evidence *(Matter of Schmerer v McElroy,* 105 AD2d 840; *Matter of Farmer v Farmer,* 123 Misc 2d 298).

We conclude that the findings by Family Court that the appellant had the ability to pay the $11,415 in arrears and that he willfully failed to make such payments are not supported by the record. We therefore reverse the order appealed from. Since it is unclear from the record whether downward modification of support would be proper, and the amount of arrears, if any, which should be awarded to the wife, we remit the case to the Family Court, Westchester County, for a new hearing. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.