■ ALAN SKLOVER, Appellant, v ELLEN SKLOVER, Respondent. [782 NYS2d 792]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Berkowitz, J.), dated December 4, 2002, which denied his motion to hold the defendant in contempt for breaching certain visitation provisions in the stipulation of settlement entered into between the parties on August 9, 2000, and granted the defendant's cross motion for the imposition of a sanction and an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion for the imposition of a sanction and an award of an attorney's fee and substituting therefor a provision denying the cross motion with leave to renew that branch of the cross motion which was for an award of an attorney's fee; as so modified, the order is affirmed, without cost or disbursements.

"In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). Here, although the plaintiff sought to hold the defendant in contempt because she allegedly did not follow the instructions of their son's pediatrician, the plaintiff failed to demonstrate the existence of a clear and unequivocal court order that she do so. Thus, the Supreme Court properly declined to hold the defendant in contempt (*see Antonacci v Antonacci*, 273 AD2d 185 [2000]).

However, the Supreme Court erred in imposing a sanction on the plaintiff. Contrary to the observation of the Supreme Court, the alleged incidents of interference with visitation rights, to wit, interference with telephone contact, impeding participation at extracurricular activities, and interfering with a one-week summer visitation, became manifest subsequent to the filing of a prior petition seeking modification of the custodial and visitation arrangement and after a further agreement of the parties incorporated in an order of the Family Court in July 2002, which provided, inter alia, that no further application for modification of custody or visitation could be made until June 2003. The subject application to punish the defendant for contempt,

brought three months after the above-described agreement was entered into, violated neither that agreement nor the July 2002 Family Court order.

Under the circumstances of this case, where the Supreme Court elected to obviate the necessity of conducting a hearing on the conflicting allegations of the parties and deemed the plaintiff's allegations to be true, it cannot be said that the plaintiff's application was "completely without merit" or was "undertaken primarily to . . . harass or maliciously injure another" (22 NYCRR 130-1.1 [c]). Accordingly, the conduct in question cannot be deemed frivolous. To the extent the award of an attorney's fee was predicated on alleged frivolous conduct of the plaintiff, we vacate that award with leave to the defendant to apply to the Supreme Court for an award of an attorney's fee based on the circumstances of the parties and of the case (see DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.