■ In the Matter of PETER COTTER, Respondent, v DAWN MARIE BROWN, Appellant. (Proceeding No. 1.) In the Matter of DAWN MARIE BROWN, Appellant, v PETER COTTER, Respondent. (Proceeding No. 2.) [792 NYS2d 871]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), entered April 26, 2004, which, after a hearing, inter alia, granted the father's motion to hold her in contempt upon finding that she willfully violated an order of the same court dated June 2, 2003, committed her to a period of incarceration of six months, suspended for one year, modified the father's visitation schedule, and dismissed her petition.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the father's motion to hold the mother in contempt, committing her to a period of incarceration of six months, suspended for one year, and dismissing that branch of the mother's petition which was to direct the father to permit reasonable telephone contact between her and the parties' child during the periods of the father's visitation and substituting therefor provisions denying the motion and granting that branch of the mother's petition; as so modified, the order is affirmed, without costs or disbursements.

By order of the Family Court, Suffolk County, dated June 2, 2003, the mother was awarded custody of the parties' child and the father was awarded visitation, including, inter alia, alternate weekends starting May 17, 2003, one unspecified evening during the week, and an annual two-week vacation.

In the latter part of 2003, a dispute arose over the specific evening of the week the father would be allowed his weeknight visitation. The father alleged in his motion to hold the mother in contempt, that the mother denied him his weekly visitation and alternate weekend visitation on specific occasions. However, the father failed to meet his burden of demonstrating, with reasonable certainty, that the mother violated a clear and unequivocal order of the court. Accordingly, the order holding her in contempt was improper (*see Sklover v Sklover,* 11 AD3d 527, 528 [2004]; *Matter of King v King,* 249 AD2d 395 [1998]).

Moreover, the mother demonstrated that an order directing

the father to permit reasonable telephone contact between her and the child during periods of the father's visitation, was in the child's best interests (*see Matter of Dobbins v Vartabedian*, 304 AD2d 665 [2003]). Accordingly, that branch of the cross petition which sought such relief should have been granted.

The mother's remaining contention is without merit. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.