■ In the Matter of LESLIE SAGE ROTHSCHILD, Respondent, v HARRISON JOSEPH EDWARDS, Appellant. [880 NYS2d 687]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated May 15, 2008, which, in effect, granted those branches of the mother's petition which were to hold him in civil contempt for violating a prior temporary order of visitation of the same court (Boggio, Ct. Atty. Ref.) dated September 13, 2006, and for an attorney's fee.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs, and those branches of the mother's petition which were to hold the father in contempt for violating a prior temporary order of visitation dated September 13, 2006, and for an attorney's fee, are denied.

The parties are the parents of two minor children, Alexandria, born March 28, 2000, and Victoria, born March 12, 2003. Both parties sought custody of the children and during the pendency of the custody proceeding, the mother brought a petition to hold the father in contempt for wilfully violating the temporary order of visitation.

Contrary to the father's contentions, in the absence of an express violation of Judiciary Law § 14, the court did not improvidently exercise its discretion in declining to recuse itself (*see Matter of Steven Glenn R.,* 51 AD3d 802, 803 [2008]; *Matter of Khan v Dolly,* 39 AD3d 649, 650 [2007]).

A finding of civil contempt requires the violation of a clear and unequivocal mandate set forth in an order or judgement of the court (*see Matter of Jules v Corriette,* 55 AD3d 732 [2008]; *Incorporated Vil. of Plandome Manor v Ioannou,* 54 AD3d 365, 366 [2008]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.,* 50 AD3d 1073, 1074 [2008]). Additionally, the moving party bears the burden of proof and "the contempt must be established by clear and convincing evidence" (*Massimi v Massimi,* 56 AD3d 624, 624 [2008]; *see Wheels Am. N.Y., Ltd v Montalvo,* 50 AD3d 1130 [2008]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.,* 50 AD3d at 1074).

While the temporary order of visitation provided that the mother would pick up and return the children to the father's home "unless otherwise agreed [upon] by the parties," the parties' practice of picking up the children at the father's office, rather than at his home, for a full year, evinced their agreement to utilize the alternate office location (*see Matter of Cotter v Brown,* 17 AD3d 587 [2005]). Accordingly, the Family Court erred in finding the father in contempt to the extent that the visitation exchanges occurred at his office instead of his home since, under the circumstances of this case, it cannot be said that the father wilfully violated a clear and unequivocal mandate of the court (*see Massimi v Massimi,* 56 AD3d 624 [2008]; *Rienzi v Rienzi,* 23 AD3d 447, 449 [2005]).

The Supreme Court found that in September 2007 the father retained Alexandria in his office for 45 minutes while waiting for Victoria to arrive there from school, and required the mother to wait outside in her car until both children could be released to her simultaneously. We defer to the Supreme Court's factual determination based upon its assessment of the witnesses' credibility (*see Matter of Cobane v Cobane,* 57 AD3d 1320 [2008]; *McKiernan v McKiernan,* 274 AD2d 560 [2000]). However, while we find the father's retention of Alexandria at his office to be manipulative and troublesome, and designed to shorten the

mother's visitation with Alexandria during that time, nevertheless, we also find that the language of the visitation order was not clear and unambiguous as to a precise time at which visitation was to commence. Accordingly, the Supreme Court erred in finding that the father's conduct violated a clear and unambiguous mandate of the court (*see Massimi v Massimi*, 56 AD3d at 624; *Rienzi v Rienzi*, 23 AD3d at 449).

Since the finding of civil contempt was not supported by clear and convincing evidence, as required, the mother was not entitled to an attorney's fee (*see Matter of Romanello v Davis*, 49 AD3d 652, 654 [2008]).

The father's remaining contention, regarding that branch of the mother's petition which was to hold him in contempt for violating an order dated November 14, 2007 and an order dated November 26, 2007 is not properly before this Court since, on this record, it remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.