■ In the Matter of WILLIAM KRAEMER, Appellant, v CATH-LEEN STRAND-O'SHEA, Respondent. [886 NYS2d 641]—In a visitation proceeding pursuant to Family Court Act article 6, in which the father petitioned, in effect, to hold the mother in contempt for her willful violation of an order of visitation of the Family Court, Suffolk County, (Lynaugh, J.), dated November 6, 2007, the father appeals from an order of the same court dated September 11, 2008, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

In his petition, the father alleged that the mother willfully violated an order of visitation dated November 6, 2007, and, in effect, sought to hold the mother in contempt for violating that order.

"In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]; *see* Judiciary Law § 753 [A] [3]; *Sklover v Sklover*, 11 AD3d 527, 528 [2004]). The "contempt must be established by clear and convincing evidence" (*Matter of Rothschild v Edwards*, 63 AD3d 744, 745 [2009], *lv denied* 12 NY3d 711 [2009]; *Massimi v Massimi*, 56 AD3d 624 [2008]). Here, the father did not meet his burden. Accordingly, the Family Court correctly dismissed the father's petition. Dillon, J.P., Florio, Belen and Roman, JJ., concur.