■ James P. DeMaio, Appellant, v Robert Capozello et al., Respondents, et al., Defendants. [904 NYS2d 459]—

In an action, inter alia, to determine a claim to real property and to impose a constructive trust upon that real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 18, 2009, as granted that branch of his motion which was for summary judgment on the third cause of action to impose a constructive trust on the subject real property only to the extent of directing the defendants Robert Capozello and Anna Capozello to hold the net proceeds from the sale of the subject property in trust for him, denied that branch of his motion which was for summary judgment on the fourth cause of action declaring that a certain deed he tendered to the defendants Robert Capozello and Anna Capozello is a mortgage pursuant to Real Property Law § 320, granted that branch of the cross motion of the defendants Robert Capozello and Anna Capozello which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against them, denied that branch of his motion which was pursuant to CPLR 3124 to compel those defendants to produce copies of all documents relating to the sale, transfer, and conveyance of the subject property to the defendant Stephen Zangre, and granted that branch of the cross motion of the defendants Robert Capozello and Anna Capozello which was for summary judg-

ment on their third counterclaim declaring that those defendants became the owners of the subject property by virtue of the tender of the deed to them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action declaring that the deed he tendered to the defendants Robert Capozello and Anna Capozello is a mortgage pursuant to Real Property Law § 320 and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Robert Capozello and Anna Capozello which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against them and substituting therefor a provision denying that branch of the cross motion, (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants Robert Capozello and Anna Capozello to produce copies of all the documents relating to the sale, transfer, and conveyance of the subject property to the defendant Stephen Zangre, and substituting therefor a provision granting that branch of the plaintiff's motion, and (4) by deleting the provision thereof granting that branch of the cross motion of the defendants Robert Capozello and Anna Capozello which was for summary judgment on their third counterclaim declaring that they became owners of the subject property by virtue of the tender of a deed to them, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

"[W]here a deed is given as security, it becomes a mortgage by operation of law" (*Corcillo v Martut, Inc.*, 58 AD2d 617, 618 [1977], *affd* 45 NY2d 878 [1978] [internal quotation marks omitted]; *see* Real Property Law § 320; *Henley v Foreclosure Sales, Inc.*, 39 AD3d 470 [2007]; *Basile v Erhal Holding Corp.*, 148 AD2d 484, 485-486 [1989]). Here, the plaintiff submitted evidence demonstrating that a deed he tendered to the defendants Robert Capozello and Anna Capozello (hereinafter the Capozellos) in connection with certain real property was intended to be held by the Capozellos only as security. In opposition, the Capozellos failed to raise a triable issue of fact as to whether they held title to the subject property.

However, the plaintiff failed to demonstrate that he was entitled to a declaration that the deed held by the defendant

Stephen Zangre, following Zangre's purchase of the subject property from the Capozellos, was null and void. Rather, there are triable issues of fact as to whether Zangre was a bona fide purchaser for value with no notice of the instant proceedings.

The Supreme Court properly imposed a constructive trust on the net proceeds of the Capozellos' sale of the subject property to Zangre pending a determination of the issue of whether Zangre was a bona fide purchaser for value (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Accordingly, this matter must be remitted to the Supreme Court, Suffolk County, for a determination of that issue and for a hearing thereafter, if warranted, to determine the amount of the net proceeds to which the plaintiff is entitled. In addition, as conceded by the Capozellos, because the plaintiff is entitled to at least a portion of the net proceeds, he is also entitled to copies of documents relating to the sale of the subject property and the disposition of the proceeds from the sale. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.