■ Silvana Penavic, Appellant, v Kresimir Penavic, Respondent. [930 NYS2d 634]—

By judgment entered October 22, 2009, the plaintiff former wife and the defendant former husband were divorced. The judgment of divorce incorporated, but did not merge, inter alia, the terms of the parties' stipulation of settlement dated June 22, 2009, relating to financial issues (hereinafter the stipulation).

The stipulation provided, inter alia, that title and ownership of the former marital residence would be transferred solely to the defendant. The plaintiff was given title and ownership of other real property which had also been jointly owned by the parties. The parties acknowledged that there was an outstanding home equity line of credit (hereinafter the HELOC) with Citibank on the former marital residence in the amount of approximately $25,000. They agreed that "[t]he husband shall be solely responsible for payment of any and all costs and expenses related to the Marital Residence." The list of costs and expenses included the HELOC, real estate taxes, and homeowners' insurance, as well as those expenses relating to the operation of the home. Included in article VII (A) (3) of the stipulation, which pertained to the expenses of the former marital residence, was an acknowledgment that "all bills or accounts with respect to the Marital Residence are in the Husband's individual name." The stipulation provided that the defendant would indemnify the plaintiff against all costs or expenses arising out of or in connection with the former marital residence.

In article XXV (1), the parties also agreed that, without

charge, upon request, each would "execute, acknowledge and deliver any instruments which are reasonably necessary to effectuate . . . this Stipulation."

Subsequent to the divorce, the plaintiff, in the course of applying for a line of credit on her own house, was advised by the bank that she needed to close the HELOC. The plaintiff contacted the defendant, advising him that he was required, pursuant to the terms of the stipulation, to close the HELOC or remove her name from it.

When the defendant refused to do so, the plaintiff moved, inter alia, pursuant to Judiciary Law § 756 to hold the defendant in civil contempt. The defendant cross-moved for sanctions and an award of counsel fees for defending against the motion. The Supreme Court denied the motion and the cross motion. The plaintiff appeals. We affirm the order insofar as appealed from by the plaintiff.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt willfully violated a clear and unequivocal mandate of a court's order, with knowledge of that order's terms, thereby prejudicing the movant's rights" (*Rubin v Rubin*, 78 AD3d 812, 813 [2010]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *McGrath v McGrath*, 85 AD3d 742, 742 [2011]; *Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]).

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Zuchowski v Zuchowski*, 85 AD3d 777, 778 [2011] [internal quotation marks omitted]; *see Hannigan v Hannigan*, 50 AD3d 957, 957 [2008]; *Simmons v Simmons*, 305 AD2d 661 [2003]). "A contract will be interpreted in accordance with the intent of the parties as expressed in the language of the agreement" (*Johnston v MGM Emerald Enters., Inc.*, 69 AD3d 674, 677 [2010]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). A court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract (*see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of her motion which was to hold the defendant in contempt for failing to remove her name from the HELOC or closing it (*see McCain v Dinkins*, 84 NY2d at 226; *Matter of Rothschild v Edwards*, 63 AD3d 744, 745 [2009]; *Galanos v Galanos*, 46 AD3d

507, 508 [2007]; *Rienzi v Rienzi*, 23 AD3d 447, 448 [2005]). While the plaintiff was aware of the HELOC at the time that she executed the stipulation, no provision was included in the stipulation requiring that her name be removed from it or that it be closed, even though the defendant was precluded from continuing to use the HELOC pursuant to the provision which prohibited him from incurring additional debt upon the plaintiff's credit. Since the terms of the stipulation with respect to whether the HELOC had to be closed were unambiguous, the Supreme Court properly declined to imply a term which the parties did not insert into the stipulation, for the purpose of determining the contempt motion (*see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d at 447).

Since the stipulation did not require that the HELOC be closed or the plaintiff's name be removed therefrom, the defendant similarly did not willfully violate article XXV, which required the parties to exchange documents necessary to effectuate the provisions of the subject stipulation at no charge.

The plaintiff raised, for the first time in her reply papers, the argument that the defendant was also in contempt of the judgment by increasing the balance of the HELOC from $25,000, the amount of the balance at the time that the parties executed the stipulation, to $750,000, which he disclosed in his affidavit opposing the plaintiff's motion and in support of his own cross motion. While article XII (2) of that stipulation provided that the defendant would not incur any additional debt upon the credit of the plaintiff for which she would be responsible, and he has clearly incurred additional debt upon her credit since the judgment of divorce was entered, it was within the Supreme Court's discretion to decide if it would consider this new argument (*see Matter of Allstate Ins. Co. v Dawkins*, 52 AD3d 826, 827 [2008]). Inasmuch as the plaintiff did not address the provision concerning the prohibition against incurring additional debt in her name in her motion papers and relied solely upon the provisions concerning the acknowledgment that the bills or accounts for the former marital residence were solely in the husband's individual name as the basis for her motion, it was within the Supreme Court's discretion to disregard that argument in connection with the motion before it (*id.* at 827).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.