■ In the Matter of ANTHONY E. FORMOSA, Respondent, v KAREN TINA LITT, Appellant. [936 NYS2d 270]—

"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]). "To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its

terms" (*Delijani v Delijani*, 73 AD3d 972, 973 [2010] [emphasis omitted]; *Ottomanelli v Ottomanelli*, 17 AD3d 647, 648 [2005]; *Kawar v Kawar*, 231 AD2d 681, 682 [1996]). Moreover, it must be demonstrated by clear and convincing evidence that there was a willful violation of a prior court order (*see Penavic v Penavic*, 88 AD3d 671 [2011]; *Bulow v Bulow*, 121 AD2d 423, 423-424 [1986]). Furthermore, it must be demonstrated that the violation " 'defeated, impaired, impeded, or prejudiced the rights of a party' " (*Vider v Vider*, 85 AD3d 906, 907 [2011], quoting *Manning v Manning*, 82 AD3d 1057, 1058 [2011]). The movant has the burden of proof (*see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d at 946; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]).

Here, the mother failed to meet her burden in seeking to hold the father in contempt. The relevant provisions of the two court orders that the father allegedly violated directed him to make every effort to provide reasonable accommodation to the mother when she could not drive to visit the daughter on a regular visitation date because of a religious holiday. Due to a religious holiday on the mother's scheduled visit on Wednesday, May 19, 2010, she requested the father to permit her to visit the child on one of the dates she specified. The father allegedly denied the request because the child had activities scheduled on those dates. The subject provisions only required the father to "make every effort to accommodate" the mother when it was "feasible." Accordingly, the father's failure to accommodate the mother on this occasion did not constitute the willful violation of a clear and unequivocal mandate (*see Matter of Rothschild v Edwards*, 63 AD3d 744, 745-746 [2009]; *see also Matter of Cotter v Brown*, 17 AD3d 587 [2005]; *Sklover v Sklover*, 11 AD3d 527, 528 [2004]; *Matter of King v King*, 249 AD2d 395 [1998]). Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.