In a matrimonial action in which the parties were divorced by judgment dated February 21, 2001, the plaintiff appeals, as *780 limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), entered May 23, 2012, as denied that branch of his motion which was to hold the defendant in civil contempt for failure to comply with prior orders of the same court (Neary, J.), dated October 28, 2011, and January 13, 2012, respectively, and denied, without a that branch of his motion which was to suspend his child support obligation.
Ordered that the order entered May 23, 2012, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant are the father and mother, respectively, of a child born on September 10, 1996. In an order dated October 28, 2011, the Supreme Court, on an interim basis, awarded the plaintiff certain unsupervised visitation with the child, who was then 15 years old. In an order dated January 13, 2012, the Supreme Court, inter alia, revised the visitation The plaintiff thereafter moved, among other things, to hold the defendant in contempt of court, asserting that the had interfered with and impeded his right to visitation in violation of those two orders.
Contrary to the plaintiffs contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of his motion which was to hold the defendant in civil contempt for failure to comply with two orders dated October 28, 2011, and January 13, 2012, respectively (see Matter of Formosa v Litt, 91 AD3d 644 [2012]; Matter of Philie v Singer, 79 AD3d 1041, 1042 [2010]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946 [2009]). Since these two orders could have been reasonably interpreted to require that the parties’ child agree to the visitation, the plaintiff failed to establish, by clear and convincing evidence, that the defendant violated the clear and unequivocal mandate of these orders when the child canceled a scheduled visit because the child was sick (see Matter of Hughes v Kameneva, 96 AD3d 845, 846 [2012]; Penavic v Penavic, 88 AD3d 671, 672 [2011]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d at 946).
The plaintiffs remaining contention is without merit. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.