■ James P. DeMaio, Appellant, v Robert Capozello et al., Respondents, et al., Defendants. [981 NYS2d 121]—

In an action, inter alia, to determine a claim to real property and impose a constructive trust upon that real property, the plaintiff appeals, as limited by his brief and by a letter dated February 20, 2013, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 24, 2011, as denied those branches of his motion which were to adjudicate

the defendant Robert Capozello in civil and criminal contempt and to direct disclosure of certain unredacted documents from the defendants Robert Capozello and Anna Capozello.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to adjudicate the defendant Robert Capozello in civil contempt, and substituting therefore a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants Robert Capozello and Anna Capozello to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for the imposition of appropriate punishment in accordance with Judiciary Law § 753.

"To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced" (*Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2008]; *see* Judiciary Law § 753 [A] [3]; *Wolfe v Wolfe*, 71 AD3d 878 [2010]; *Matter of Kraemer v Strand-O'Shea*, 66 AD3d 901 [2009]; *Matter of Rothschild v Edwards*, 63 AD3d 744, 745 [2009]). The movant bears the burden of proving the civil contempt by clear and convincing evidence (*see Matter of Hughes v Kameneva*, 96 AD3d 845 [2012]; *Massimi v Massimi*, 56 AD3d 624 [2008]; *Wheels Am. N.Y., Ltd v Montalvo*, 50 AD3d 1130 [2008]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073, 1074 [2008]).

Contrary to the contention of the defendant Robert Capozello (hereinafter Capozello), he did not substantially comply with this Court's prior decision and order dated June 8, 2010, which clearly directed him to "produce copies of all the documents relating to the sale, transfer, and conveyance of the subject property" (*DeMaio v Capozello*, 74 AD3d 864, 865 [2010]). Significantly, Capozello had conceded that the plaintiff was entitled to some of the net proceeds from the sale of the subject property (*see id.* at 866). However, the record demonstrates that the disclosures from Capozello, consisting of a copy of the contract of sale for the subject property, certain canceled checks drawn upon a JP Morgan Chase account and a Chemical Bank account, and redacted statements from the JP Morgan Chase account for the period from October 2006 through December 2008, were insufficient to allow a determination as to the portion of the net proceeds of the sale to which the plaintiff was entitled. Moreover, although Capozello averred that all the proceeds from the

sale of the subject property had been commingled with other funds and were no longer available as the funds had been used for various expenditures, there was no documentary evidence offered by Capozello to substantiate this claim. Notably, there was no explanation or documentation with regard to several large transactions involving the JP Morgan Chase Account, one of which appeared to be a $58,000 transfer to a different bank. In addition to failing to disclose any information whatsoever relating to deposits of the proceeds from the sale of the subject property, Capozello also failed to disclose any information relating to the total funds available in the relevant JP Morgan Chase account at any time between October 2006 and December 2008, the time period during which Capozello claims all the proceeds from the sale were exhausted on various expenditures. Because Capozello has failed to fully produce the necessary disclosure, the plaintiff has been forced to continue litigating the issue and incur related expenses for more than two years since our decision and order was issued, despite Capozello's concession that the plaintiff is entitled to a portion of the sale proceeds. Accordingly, the plaintiff demonstrated that Capozello was in civil contempt of this Court's June 8, 2010, decision and order (*see Matter of Hughes v Kameneva*, 96 AD3d at 846; *Massimi v Massimi*, 56 AD3d at 624; *Wheels Am. N.Y., Ltd v Montalvo*, 50 AD3d at 1130; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d at 1074).

While the Supreme Court properly directed some further disclosure to the plaintiff from Capozello, we reiterate our earlier directive that the plaintiff is entitled to "copies of all the documents relating to the sale, transfer, and conveyance of the subject property" (*DeMaio v Capozello*, 74 AD3d at 865). However, the Supreme Court correctly concluded that the plaintiff is not entitled to unredacted account statements from Capozello. The plaintiff did not establish that it was necessary to know the redacted information, which included the specific account numbers of Capozello's bank accounts, in order to determine the amount of the proceeds of the sale due him.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur. ■