■ In the Matter of MICHAEL WRIGHT, Respondent, v MICHELE MCINTOSH, Appellant. [3 NYS3d 120]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 20, 2013. The order, after a hearing, granted the father's petition, in effect, to hold the mother in contempt for violating the visitation provisions of a prior order of that court, and, inter alia, suspended all visitation between the mother and the subject children, except for supervised weekly visits.

Ordered that the order is reversed, on the facts, with costs, and the father's petition is denied.

In his petition, the father alleged that the mother willfully violated the visitation provisions of a prior order dated June 25, 2013, and, in effect, sought to hold the mother in contempt for violating that order. A finding of civil contempt requires the violation of a clear and unequivocal mandate set forth in an order or judgment of the court (see El-Dehdan v El-Dehdan, 114 AD3d 4, 16 [2013]; Matter of Rothschild v Edwards, 63 AD3d 744, 745 [2009]; Goldsmith v Goldsmith, 261 AD2d 576, 577 [1999]). "The contempt must be established by clear and convincing evidence" (Matter of Kraemer v Strand-O'Shea, 66 AD3d 901, 901 [2009] [internal quotation marks omitted]; see Matter of Jean v Washington, 71 AD3d 1145, 1146 [2010]; Massimi v Massimi, 56 AD3d 624, 624 [2008]).

Here, the June 25, 2013, order provided, among other things, that the mother "shall have unsupervised public place parenting time with the children" on Saturday or Sunday from "12:00 p.m. until 5:00 p.m." and further provided that "the public

place of pick-up and drop-off as well as the days for the mother's parenting time shall be as agreed upon between the parties." In his petition, the father contended that the mother had violated the June 25, 2013, order on August 11, 2013, by taking the children to the Bronx when he had dropped the children off at a location in Queens, and by returning the children to him at 9:55 that evening, and again on August 17, 2013, by taking the children to Harlem when he had dropped the children off at a location in Queens and by returning the children to him at 7:52 that evening.

At the hearing, the mother testified that she was late in returning the children to the father on those dates due to the father's refusal to pick the children up at those locations. The father acknowledged that "the whole method of picking [the children] up [was] a surprise" and that on prior visitations, the drop-off location was different than the pick-up location, but he stated that they were generally "within a very same locale." The mother and the father both testified that the protocol was that the mother would send the father a text message a few hours before the end of the visitation stating where to pick up the children.

In reaching its determination, the Family Court declined to credit the mother's testimony that it took her three and four hours, respectively, to travel from the Bronx and Harlem to Queens as an explanation for why she had returned the children home several hours late on both occasions. We defer to the Family Court's factual determination, based upon its assessment of the witnesses' credibility (*see Matter of Rothschild v Edwards*, 63 AD3d at 745; *Matter of Wise v Burks*, 61 AD3d 1058 [2009]). However, while we find that the mother's conduct in returning the children late was problematic, nevertheless, we also find that the language of the visitation order was not clear and unambiguous, insofar as it failed to specify that the drop-off location should be within the same vicinity as the pick-up location, and did not contain any geographic restrictions. Significantly, the Family Court acknowledged that the June 25, 2013, order was not "clear" that the places of pick-up and drop-off should be reasonably within the same locale. Under these circumstances, it cannot be said that the mother violated a clear and unequivocal mandate of the court (*see Cervera v Bressler*, 109 AD3d 779, 780 [2013]; *Matter of Terry v Oliver*, 63 AD3d 1079, 1080 [2009]; *Matter of Rothschild v Edwards*, 63 AD3d at 745).

Since the Family Court's finding that the mother had violated the June 25, 2013, order was not supported by clear

and convincing evidence, as required (*see Jean v Washington*, 71 AD3d at 1146; *Matter of Kraemer v Strand-O'Shea* , 66 AD3d at 901; *Massimi v Massimi*, 56 AD3d at 624), the court erred in suspending all visitation between the mother and the children, except for supervised weekly visits "at EAC," a not-for-profit human services agency in Nassau County (*see Matter of Rothschild v Edwards*, 63 AD3d at 746).

The mother's contention that the Family Court erred in failing to hold a *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]) is not preserved for this Court's review inasmuch as the mother did not request the Family Court to conduct such a hearing (*see Matter of Cormier v Clarke*, 107 AD3d 1410 [2013]; *Matter of Olufsen v Plummer*, 105 AD3d 1418, 1419 [2013]).

The mother's additional contention that the Family Court erred in dismissing her petition is not properly before this Court, as that issue was not addressed in the order appealed from (*see Amex Assur. Co. v Kulka*, 67 AD3d 614, 616 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 744 [2009]). Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.