Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech. (2019 NY Slip Op 00284)





Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.


2019 NY Slip Op 00284


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-00433
 (Index No. 23760/09)

[*1]In the Matter of Syed Bilal Raza Rizvi, appellant,
v
New York College of Osteopathic Medicine of New York Institute of Technology, respondent.


Syed Bilal Raza Rizvi, Deer Park, NY, appellant pro se.
Norton Rose Fulbright US LLP, New York, NY (Neil G. Sparber and Samantha Beltre of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of New York College of Osteopathic Medicine of New York Institute of Technology dated August 10, 2009, expelling the petitioner as its student and to compel New York College of Osteopathic Medicine of New York Institute of Technology to reinstate the petitioner as a student, to take all action necessary to enable the petitioner to register for and take the COMLEX Level II CE examination, and, in the event he passes the examination, to confer upon him the degree of Doctor of Osteopathic Medicine, the petitioner appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered November 6, 2015. The order denied the petitioner's motion pursuant to CPLR 5104 to hold New York College of Osteopathic Medicine of New York Institute of Technology in contempt of court for failure to comply with the terms of a decision and order of this Court dated September 19, 2012, which directed New York College of Osteopathic Medicine of New York Institute of Technology to reinstate the petitioner as a student, to take all action necessary to enable the petitioner to register for and take the COMLEX Level II CE examination one time within 120 days of the decision and order, and, in the event that the petitioner passes the examination, to confer upon him the degree of Doctor of Osteopathic Medicine.
ORDERED that the order is affirmed, with costs.
The Supreme Court did not err in denying the petitioner's motion pursuant to CPLR 5104 to hold New York College of Osteopathic Medicine of New York Institute of Technology (hereinafter NYCOM) in contempt of court for failure to comply with the terms of a decision and order of this Court in his prior appeal (see Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d 1049). The petitioner failed to establish by clear and convincing evidence that NYCOM violated a clear and unequivocal mandate set forth in this Court's decision and order (see Matter of Wright v McIntosh, 125 AD3d 679; DeMaio v Capozello, 114 AD3d 899; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1073).
The petitioner's contention that he never entered the test center and therefore did not sit for the COMLEX Level II CE examination on either January 10, 2013, or January 22, 2013, due to medical emergencies is improperly raised for the first time on appeal and has not been considered [*2]by this Court (see Stein v Doukas, 157 AD3d 743, 744; Stein v Davidow, Siegel & Stern, LLP, 157 AD3d 741, 742-743; Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court