■ In the Matter of Roberto J. Quinones, Respondent, v Claudineth Quinones, Appellant. [32 NYS3d 607]—

Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated May 1, 2015. The order, after a hearing, granted the father's petition for sole legal and physical custody of the subject child, with visitation to the mother

and, in effect, denied the mother's petition for custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father were married in February 2002 and have one child, born in August 2009. In February 2012, shortly after the mother moved out of the marital home, the father filed a petition pursuant to Family Court Act article 6 seeking custody of the child. He also filed a family offense petition against the mother on behalf of the child, alleging that she presented a physical threat to the child. The Family Court issued a temporary order of protection against the mother prohibiting her from having unsupervised contact with the child. The mother filed a petition for custody. In April 2012, upon the father's consent, the court granted the mother unsupervised visitation with the child. In July 2012, the father withdrew the family offense petition. After a hearing, the court granted the father's custody petition and awarded him sole legal and physical custody of the child, with visitation to the mother. The court also, in effect, denied the mother's custody petition. The mother appeals.

In making an initial custody or visitation determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821, 821 [2014]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]). "Factors to be considered include the quality of the home environment and parental guidance, the ability of each parent to provide for the child's emotional and intellectual development, and the financial status and ability of each parent to provide for the child" (*Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]). The relative fitness of each parent, as well as the effect an award of custody to one parent might have on the child's relationship with the other parent also should be considered (*see Matter of Ivory B. v Shameccka D.B.*, 121 AD3d 674, 674-675 [2014]). "[I]nasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the hearing court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Pierre-Paul v Boursiquot*, 74 AD3d 935, 936 [2010]; *see Matter of Gribeluk v Gribeluk*, 120 AD3d 579, 579 [2014]).

Here, the Family Court, after hearing the testimony of the parties, the child's pediatrician, and the child's babysitter, determined that the child's best interests would be served by

awarding sole custody to the father and visitation to the mother (*see Matter of Andrews v Mouzon,* 80 AD3d at 761). The evidence at the hearing established that both parents loved the child, maintained suitable homes, and could adequately care for the child (*see Matter of Saravia v Godzieba,* 120 AD3d at 822). While the father had, in the past, behaved in a manner that interfered with the mother's relationship with the child, that issue was resolved and did not preclude an award of custody to the father (*see Matter of Lombardi v Valenti,* 120 AD3d 817, 819 [2014]; *Matter of Ross v Ross,* 96 AD3d 856, 858 [2012]). The testimony reflected that the father, with whom the child had always lived and who had served as the child's primary caregiver for more than two years, could offer the child greater stability, and was better equipped to provide for the child's needs. In addition, the court found that the father would foster the child's relationship with the mother (*see Matter of Saravia v Godzieba,* 120 AD3d at 822). Accordingly, the court's determination awarding sole legal and physical custody to the father and visitation to the mother will not be disturbed (*see Matter of Bowe v Bowe,* 124 AD3d 645, 647 [2015]; *Matter of Gribeluk v Gribeluk,* 120 AD3d at 579; *Matter of Felty v Felty,* 108 AD3d 705 [2013]).

The mother's contentions that the Family Court erred by failing to sua sponte appoint an attorney for the child or order a forensic evaluation are unpreserved for appellate review and, in any event, without merit. "While appointment of an attorney for the child in a contested custody matter remains the strongly preferred practice, such appointment is discretionary, not mandatory" (*Matter of Keen v Stephens,* 114 AD3d 1029, 1031 [2014] [internal quotation marks omitted]; *see Jean v Jean,* 59 AD3d 599, 600 [2009]). Under the circumstances of this case, including the young age of the child and the absence of any demonstrable prejudice to the child's interests, the court providently exercised its discretion in not appointing an attorney (*see Matter of Keen v Stephens,* 114 AD3d at 1031; *Jean v Jean,* 59 AD3d at 600). Similarly, the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination (*see Matter of Jennings v Small,* 59 AD3d 546 [2009]; *Matter of Hernandez v Rodriguez,* 42 AD3d 498 [2007]; *Matter of Diaz v Santiago,* 8 AD3d 562, 563 [2004]). Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.