Ambrose v Ambrose (2019 NY Slip Op 07757)





Ambrose v Ambrose


2019 NY Slip Op 07757


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13622
 (Index No. 202924/15)

[*1]Joshua Ambrose, respondent, 
v
Meghan Ambrose, appellant.


Alexander Potruch, LLC, Garden City, NY, for appellant.
Joshua Ambrose, Garden City, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered August 20, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated March 2, 2018, made after a nonjury trial, and upon an order of the same court dated June 15, 2018, denying the defendant's motion pursuant to CPLR 4404(b) to set aside portions of the decision dated March 2, 2018, awarded the plaintiff sole custody of the parties' child and denied the defendant a distributive share of the plaintiff's retirement assets.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The parties were married in January 2012, and are the parents of one child, born in 2013. The plaintiff enlisted in the United States Marine Corps in 1997, and, during the marriage, worked as a logistics officer. The defendant began working as a school psychologist in August 2012. In July 2015, the parties relocated from California to New York. A few months later, in October 2015, the plaintiff commenced the instant action for a divorce and ancillary relief. In November 2015, the defendant moved back to California with the parties' child without the plaintiff's consent. By order dated October 20, 2016, the Supreme Court, after a hearing, awarded the plaintiff temporary custody of the parties' child and directed the defendant to return the child to New York. The case proceeded to a lengthy nonjury trial on the issues of, inter alia, permanent custody and equitable distribution. In a decision after trial dated March 2, 2018, the court, inter alia, determined to award the plaintiff sole custody of the parties' child, with parental access to the defendant, and determined that the parties retain their respective retirement assets. The defendant subsequently moved pursuant to CPLR 4404(b) to set aside certain portions of the decision after trial, and that motion was denied in an order dated June 15, 2018. A judgment of divorce was entered August 20, 2018, and it incorporated by reference the court's decision after trial. The defendant appeals from the judgment of divorce.
As a threshold matter, the issues raised by the defendant regarding the order dated October 20, 2016, which awarded the plaintiff temporary custody of the parties' child, are academic. The order awarding the plaintiff temporary custody of the child was superseded by the judgment awarding him permanent custody, and the temporary order is no longer in effect (see Matter of Saylor v Bukowski, 170 AD3d 862, 863; Roberts v Roberts, 159 AD3d 932, 933). Any alleged defect [*2]in the temporary order does not render defective the permanent custody determination, which was based upon a full and fair hearing (see Matter of Saylor v Bukowski, 170 AD3d at 863; Haggerty v Haggerty, 78 AD3d 998, 999).
In making an initial custody determination, the paramount consideration is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Cravo v Diegel, 163 AD3d 920, 921). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard. Such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Cravo v Diegel, 163 AD3d at 922 [citation omitted]). Here, the Supreme Court conducted a full trial in which it observed the demeanor and heard the testimony of, among others, the parties, the child's preschool teachers, the paternal grandfather, the maternal grandmother, and a court-appointed forensic evaluator. Based on our review of the record, the court's determination awarding sole custody to the plaintiff has a sound and substantial basis in the record and will not be disturbed (see Cole v Cole, 172 AD3d 680, 681; Matter of Quinones v Quinones, 139 AD3d 1072, 1074). Contrary to the defendant's contention, the record demonstrates that the court appropriately considered all relevant factors in making its determination (see Patanella v Keveney, 145 AD3d 686, 687).
We reject the defendant's additional contention that the Supreme Court failed to give appropriate consideration and weight to the report and testimony of the court-appointed forensic evaluator. "A court is not automatically required to accept the recommendation of a court-appointed forensic evaluator, but must consider all of the relevant evidence. Moreover, in considering a forensic evaluator's recommendation, the court must take into account the quality of the evaluator's methods and report" (Matter of Vaysman v Conroy, 165 AD3d 954, 955). In this case, the court fully explained its reasons for according little weight to the report and testimony of the forensic evaluator and its rationale is amply supported by the record (see Matter of Selliah v Penamente, 107 AD3d 1004, 1005; Matter of Kelly v Hickman, 44 AD3d 941, 942).
The defendant's contention that the Supreme Court should have appointed an attorney for the child is unpreserved and, in any event, without merit. "While appointment of an attorney for the child in a contested custody matter remains the strongly preferred practice, such appointment is discretionary, not mandatory" (Matter of Quinones v Quinones, 139 AD3d at 1074 [internal quotation marks omitted]; see Matter of Keen v Stephens, 114 AD3d 1029, 1031-1032; Jean v Jean, 59 AD3d 599, 600). Under the circumstances of this case, including the young age of the child and the absence of any demonstrable prejudice to the child's interests, the court providently exercised its discretion in not appointing an attorney (see Matter of Quinones v Quinones, 139 AD3d at 1074).
Furthermore, the Supreme Court did not improvidently exercise its discretion in denying the defendant a distributive share of the plaintiff's retirement assets. "[T]he trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Morille-Hinds v Hinds, 169 AD3d 896, 898 [internal quotation marks omitted]). Here, upon consideration of the relevant statutory factors and all of the attendant circumstances, including, inter alia, the short duration of the parties' marriage, the age and health of the parties, and that the defendant was awarded full title to her nonvested retirement assets, which were also subject to equitable distribution, we discern no basis upon which to disturb the court's determination.
We agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 4404(b) to set aside certain portions of the decision dated March 2, 2018, related to the issues of custody and equitable distribution of the parties' respective retirement assets, inasmuch as none of the evidence submitted by the defendant in support of her motion would have produced a different result (see Mangra v Mangra, 170 AD3d 1156, 1158-1159).
Finally, contrary to the defendant's contention, the issue regarding the imposition of sanctions against her counsel is not properly before this Court.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court