Deutsche Bank Trust Co. v Bullen (2020 NY Slip Op 00401)





Deutsche Bank Trust Co. v Bullen


2020 NY Slip Op 00401


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04496
 (Index No. 36964/07)

[*1]Deutsche Bank Trust Company, etc., plaintiff-respondent,
v
Doreen Bullen, appellant, et al., defendants; NMD Realty Holdings, LLC, nonparty-respondent.


Lester & Associates, P.C., Garden City, NY (Peter K. Kamran, Gabriel R. Korinman, and Seung Woo Lee of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Alan F. Kaufman, Margaret M. Breeden, Schuyler B. Kraus, and Brent M. Reitler of counsel), for plaintiff-respondent.
Jay A. Marshall, Garden City, NY, for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doreen Bullen appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated March 24, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendant Doreen Bullen which were to vacate a foreclosure sale on the ground that the sale was conducted in violation of a stay which had been previously imposed by an order to show cause of the same court, and to hold the plaintiff in civil contempt.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
We agree with the Supreme Court's determination denying that branch of the motion of the defendant Doreen Bullen which was to vacate a foreclosure sale on the ground that the sale was conducted in violation of a stay which had been previously imposed by an order to show cause of the same court, as Bullen failed to, inter alia, establish that she served the order to show cause on the referee prior to the scheduled date and time of the sale (cf. Bank of N.Y. v Yosi Shem-Tov, 109 AD3d 857, 857-858; Lenders Capital LLC v Ranu Realty Corp., 99 AD3d 566).
Further, we agree with the Supreme Court's determination denying that branch of Bullen's motion which was to hold the plaintiff in civil contempt, as Bullen failed to establish that she was prejudiced by any conduct of the plaintiff in participating in the sale (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court