Matter of Ruiz v Carie (2020 NY Slip Op 00595)





Matter of Ruiz v Carie


2020 NY Slip Op 00595


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-11388
 (Docket Nos. V-14818-15/16A, V-16510-15/16A)

[*1]In the Matter of Javier Ruiz, respondent,
v
Alisha Carie, appellant. (Proceeding No. 1.)
In the Matter of Alisha Carie, appellant,
v
Javier Ruiz, respondent. (Proceeding No. 2.)


Marion C. Perry, Brooklyn, NY, for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Sharon A.B. Clarke, J.), dated August 29, 2018. The order, after a hearing, granted the father's petition for sole custody of the parties' child, with parental access to the mother, and denied the mother's petition for custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who were never married to each other, have one child together, born in 2013. The parties lived together until the mother left the apartment with the child in June 2015. Later that month, the father filed a petition for sole custody of the child, and the mother filed a petition for custody of the child. At a hearing, there was testimony that the mother relocated to Boston, had another child in October 2016, and married that child's father in December 2016. The mother had also taken the parties' child to Boston, even though the Family Court had directed that neither party was to leave the jurisdiction with the child. There was further evidence that the mother and her husband had the child baptized without the father's knowledge, and that the child was not discouraged from calling the mother's husband "dad." After the hearing, the Family Court granted the father's petition for sole custody of the child, with parental access to the mother, and denied the mother's petition for custody. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). Alienation of a child from the other parent, including willful interference with his or her parental access rights, is "an act so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (Entwistle v Entwistle, 61 AD2d 380, 384-385). Since custody determinations depend to a great extent upon [*2]an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Dolan v Masterton, 121 AD3d 979, 980). Here, there is no basis on the record to disturb the Family Court's determination that it was in the best interests of the parties' child to award sole custody to the father. The court's determination has a sound and substantial basis in the record.
"While appointment of an attorney for the child in a contested custody matter remains the strongly preferred practice, such appointment is discretionary, not mandatory" (Matter of Quinones v Quinones, 139 AD3d 1072, 1074 [internal quotation marks omitted]). Under the circumstances of this case, including the young age of the child and the absence of any demonstrable prejudice to the child's interests, the Family Court providently exercised its discretion in not appointing an attorney for the child (see id. at 1074).
The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reveals that the mother received meaningful representation (see Matter of Eltalkhawy v Eltalkhawy, 134 AD3d 707, 708).
The mother's remaining contention is without merit.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court