Matter of Sheehan v Sheehan (2021 NY Slip Op 08234)





Matter of Sheehan v Sheehan


2021 NY Slip Op 08234


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11677
 (Docket No. V-810-16)

[*1]In the Matter of Lawrence F. Sheehan, appellant,
v
Tammy L. Sheehan, respondent.


J. Kaplan & Associates, PLLC, New York, NY (Jeffrey A. Kaplan of counsel), for appellant.
Tammy L. Sheehan, Poughkeepsie, NY, respondent pro se.
Paul I. Weinberger, Poughkeepsie, NY, attorney for the child Michael S.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 9, 2019. The order, after a hearing, denied the father's petition to hold the mother in civil contempt.
ORDERED that the order is affirmed, with costs.
The parties are the divorced parents of two children. By order dated October 18, 2016, the Family Court ordered that the parties share joint legal custody of the children and, as is relevant here, awarded the father physical custody of the child Michael S. (hereinafter the custody order). The custody order provided that neither party was to allow either child to drop out of school, and neither party had final decision-making authority for either child; if the parties could not agree on a major decision, they were to follow the recommendations of a healthcare provider or an educator. In April 2019, the father filed the instant petition to hold the mother in civil contempt of the custody order, alleging that the mother violated the custody order by allowing Michael S. to reside with her beginning in December 2018 and by withdrawing Michael S. from school in February 2019. After a hearing, the Family Court denied the petition. The father appeals.
"'An application to punish a party for civil contempt 'is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence'" (Matter of Freeborn v Elco, 188 AD3d 677, 680, quoting Matter of Hughes v Kameneva, 96 AD3d 845, 846). "'The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct'" (Matter of Freeborn v Elco, 188 AD3d at 680, quoting Savel v Savel, 153 AD3d 872, 873).
Here, the father failed to establish by clear and convincing evidence that the mother violated the custody order by withdrawing Michael S. from school to pursue a GED, as the record [*2]demonstrates that Michael S.'s guidance counselor was involved in that decision, and the father failed to demonstrate that the mother's decision to withdraw Michael S. from school was not pursuant to the recommendation of the guidance counselor in accordance with the custody order (see Matter of Freeborn v Elco, 188 AD3d at 681). Moreover, although the mother violated the custody order by allowing Michael S. to reside with her, the father failed to demonstrate that this violation defeated, impaired, impeded, or prejudiced his rights (see Matter of Aaron K. v Laurie K., 187 AD3d 1423; Deutsche Bank Trust Co. v Bullen, 179 AD3d 893, 894; Matter of Michael F. [Shreeis J.], 152 AD3d 770, 771).
The father's remaining contentions are unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court