Matter of Soumare v White (2023 NY Slip Op 01681)

Matter of Soumare v White

2023 NY Slip Op 01681

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-03454
 (Docket No. V-68-16/21C)

[*1]In the Matter of Seydi Soumare, appellant,
v
Sibhon A. White, respondent.

Angella S. Hull, Jamaica, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Diana Kelly, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated April 27, 2022. The order, in effect, denied, without a hearing, the father's petition to modify a prior order of custody and parental access of the same court dated April 28, 2021, and prohibited the father from filing any new petitions without permission of the court.
ORDERED that the order dated April 27, 2022, is affirmed, without costs or disbursements.
The mother and the father have one child together, born in 2013. Pursuant to an order dated October 14, 2016, made on consent of the parties (hereinafter the consent order), the mother was awarded sole legal and residential custody of the child, and the father was awarded parental access with the child on Sundays from 3:00 p.m. to 7:00 p.m. By order dated April 28, 2021, the Supreme Court granted the father's petition to modify the parental access schedule set forth in the consent order so that the father would have parental access with the child on Sundays from 10:00 a.m. to 3:00 p.m.
In or around October 2021, the father filed a petition to modify the order dated April 28, 2021, so as to award him parental access midweek due to alleged changes to his work schedule. At a court appearance on his petition, the father stated that he worked on Saturdays and Sundays from 10:00 a.m. to 1:00 p.m. At a subsequent court appearance, he advised the court that he worked "morning to night" on Saturdays and Sundays. In an order dated April 27, 2022, the Supreme Court, without a hearing, in effect, denied the father's petition and prohibited him from filing any new petitions without permission of the court. The father appeals.
The father's contention that the Supreme Court erred by, in effect, denying his modification petition without a hearing is without merit. "In order to modify an existing court-sanctioned custody [or parental access] agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child. Custody [or parental access] determinations should generally be made only after a full and plenary hearing. However, [a] parent seeking a change of custody [or parental access] is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody [or parental access] in order to insure the child's best [*2]interests. While the general right to a hearing in custody and [parental access] cases is not absolute, where facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Trazzera v Trazzera, 199 AD3d 855, 858 [citations and internal quotations marks omitted]). On the other hand, "[c]onclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child" (Matter of Chichra v Chichra, 148 AD3d 883, 884). Here, the court properly determined that the father failed to make an evidentiary showing of a change in circumstances sufficient to warrant a hearing.
The father's contention that the Supreme Court should have appointed an attorney for the child is unpreserved for appellate review and, in any event, without merit. "While appointment of an attorney for the child in a contested custody matter remains the strong preferred practice, such appointment is discretionary, not mandatory" (Matter of Quinones v Quinones, 139 AD3d 1072, 1074 [internal quotation marks omitted]; see Matter of Keen v Stephens, 114 AD3d 1029; Jean v Jean, 59 AD3d 599). Under the circumstances of this case, including the young age of the child and the absence of demonstrable prejudice to the child's interests, the court providently exercised its discretion in not appointing an attorney for the child (see Matter of Quinones v Quinones, 139 AD3d at 1074).
Contrary to the father's contention, the Supreme Court providently exercised its discretion in prohibiting him from filing any new petitions without permission of the court. Public policy generally mandates free access to the courts (see Matter of Pignataro v Davis, 8 AD3d 487; Sassower v Signorelli, 99 AD2d 358). However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Pignataro v Davis, 8 AD3d 487; Duffy v Holt-Harris, 260 AD2d 595). There is an ample basis in the record to support the court's determination to prevent the father from engaging in further vexatious litigation.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court