Matter of Unger v Koren Ha (2025 NY Slip Op 00230)

Matter of Unger v Koren Ha

2025 NY Slip Op 00230

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-03710
2021-05259
 (Docket Nos. V-2699-16/18D, V-2700-16/18D, V-2701-16/18E, V-2702-16/18E, V-2699-16/18F, V-2700-16/18F, V-2701-16/18G, V-2702-16/18G, V-2699-16/18G, V-2700-16/18G, V-2701-16/18H, V-2702-16/18H, V-2699-16/19H, V-2700-16/19H, V-2701-16/19I, V-2702-16/19I)

[*1]In the Matter of Scott Unger, appellant, 
v
Koren Ha, respondent.

William A. Sheeckutz, East Meadow, NY, for appellant.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child Ethan.
Barry J. Fisher, Williston Park, NY, attorney for the child Melanie.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Catherine Rizzo, J.), dated May 17, 2021, and (2) a corrected order of the same court dated June 11, 2021. The order and the corrected order, insofar as appealed from, after a hearing, denied that branch of the father's amended petition which was to modify an order of the same court (Thomas Rademaker, J.) dated June 15, 2017, so as to award him sole legal and residential custody of the parties' son, denied the father's petitions alleging that the mother violated certain provisions of the order dated June 15, 2017, and temporary orders of the same court (Tammy S. Robbins, J.) dated June 8, 2018, and November 21, 2018, relating to both of the parties' children, and prohibited the father from filing any further petitions without prior court approval.
ORDERED that the appeal from the order dated May 17, 2021, is dismissed, without costs or disbursements, as that order was superseded by the corrected order; and it is further,
ORDERED that the appeal from so much of the corrected order as relates to the parties' daughter is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the corrected order is affirmed insofar as reviewed, without costs or disbursements.
The parties, who were never married, have two children together, a son and a daughter. In an order dated June 15, 2017 (hereinafter the June 2017 order), the Family Court, inter alia, awarded the parties joint legal and residential custody of the children and set forth a schedule for each party's parental access. In May 2018, the father filed an amended petition to modify the [*2]June 2017 order so as to award him sole legal and residential custody of the children. Thereafter, the father filed three petitions alleging that the mother violated certain provisions of the June 2017 order and temporary orders dated June 8, 2018, and November 21, 2018, relating to both of the children. After a hearing, in a corrected order dated June 11, 2021, the court, among other things, denied that branch of the father's amended petition which was to modify the June 2017 order so as to award him sole legal and residential custody of the parties' son, denied the father's three violation petitions, and prohibited the father from filing any further petitions without prior court approval. The father appeals.
Initially, the parties' daughter is no longer subject to the jurisdiction of the Family Court over issues of custody and parental access since she turned 18 years old during the pendency of these appeals (see Matter of Johnson v Schreurs, 177 AD3d 742, 743). Therefore, the appeal from so much of the corrected order as relates to the daughter must be dismissed as academic (see id.; Matter of Julian B. v Williams, 97 AD3d 670, 670-671).
The father contends, in effect, that the Family Court erred in denying that branch of his amended petition which was to modify the June 2017 order so as to award him sole legal and residential custody of the parties' son without first receiving testimony from a court-appointed forensic evaluator or admitting the evaluator's report into evidence. However, this contention is unpreserved for appellate review (see Aronov v Kanarek, 166 AD3d 574, 576; Matter of Rizzo v Spear, 152 AD3d 774, 775). The father not only failed to object to the court's evidentiary ruling regarding the admissibility of the report, but he refused to consent to its admission into evidence and declined to call the forensic evaluator as a witness (see Matter of Bella S. [Alice Y.-S.], 225 AD3d 883, 884; Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 713).
"To establish a willful violation of a Family Court order" and punish a party for civil contempt, "the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Quattrochi v Negri, 187 AD3d 921, 922 [internal quotation marks omitted]; see Matter of Koska v Koska, 226 AD3d 780, 781). Specifically, "the burden is on the [petitioner] to demonstrate . . . that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing [the petitioner's] right[s]" (Matter of Koska v Koska, 226 AD3d at 781 [alteration and internal quotation marks omitted]). "Prejudice is shown where the party's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of [the petitioner]" (Matter of Ainsley v Parke, 215 AD3d 827, 828 [internal quotation marks omitted]). "An application to punish a party for civil contempt is addressed to the sound discretion of the court" (Matter of Freeborn v Elco, 188 AD3d 677, 680). Here, contrary to the father's contentions, he failed to demonstrate that the mother violated a clear and unequivocal mandate contained in any of the prior orders in question in a manner that was calculated to or actually "defeated, impaired, impeded, or prejudiced his rights" (Matter of Sheehan v Sheehan, 192 AD3d 894, 895; see Matter of Marotta v Marotta, 218 AD3d 468, 469-470). Accordingly, the Family Court properly denied his violation petitions (see Matter of Kraemer v Strand-O'Shea, 66 AD3d 901, 901).
"While public policy generally mandates free access to the courts, a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Capruso v Kubow, 226 AD3d 680, 684 [internal quotation marks omitted]; see Sassower v Signorelli, 99 AD2d 358, 359-360). Under the circumstances presented, the Family Court providently exercised its discretion in prohibiting the father from filing any further petitions without prior court approval (see Matter of Soumare v White, 214 AD3d 992, 993-994; Matter of Isaac S. [Miriam S.], 178 AD3d 829, 830; Matter of Graham v Rawley, 145 AD3d 721, 721-723).
The father's remaining contentions are either unpreserved for appellate review or without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court