Aziz v Butt (2026 NY Slip Op 01176)

Aziz v Butt

2026 NY Slip Op 01176

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-09208
 (Index No. 64749/21)

[*1]Javaid Aziz, appellant, 
vNeelofar Butt, respondent, et al., defendant.

The Law Offices of Joseph S. Guling, Jr., Esq., PLLC, White Plains, NY, for appellant.
Christopher M. Mangold, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, in effect, pursuant to General Obligations Law § 5-1510, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 3, 2024. The order, insofar as appealed from, denied the plaintiff's motion, in effect, for permission to visit and communicate with Jamila Butt and granted that branch of the cross-motion of the defendant Neelofar Butt which was to direct the plaintiff to obtain judicial approval before filing any proceeding or action against the defendant Neelofar Butt regarding Jamila Butt or any estate planning documents regarding Jamila Butt and, in seeking judicial approval, to disclose to the court all legal actions involving Jamila Butt or the defendant Neelofar Butt in which the plaintiff is a party.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced a prior proceeding challenging the validity of a power of attorney of his sister, Jamila Butt, which appointed Jamila Butt's daughter, the defendant Neelofar Butt (hereinafter the defendant), as Jamila Butt's attorney-in-fact (hereinafter the prior proceeding). The prior proceeding was dismissed in an order dated June 17, 2021. In October 2021, the plaintiff commenced this action seeking the same relief. In an order dated December 22, 2021, the Supreme Court, inter alia, granted the defendant's cross-motion to dismiss the complaint and enjoined the plaintiff from commencing future actions against her without leave of the court.
After being granted leave by the Supreme Court, the plaintiff moved, in effect, for permission to visit and communicate with Jamila Butt. The defendant opposed the motion and cross-moved, inter alia, to direct the plaintiff to obtain judicial approval before filing any proceeding or action against the defendant regarding Jamila Butt or any estate planning documents regarding Jamila Butt and, in seeking judicial approval, to disclose to the court all legal actions involving Jamila Butt or the defendant in which the plaintiff is a party. In an order dated September 3, 2024, the court, among other things, denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion, in effect, for permission [*2]to visit and communicate with Jamila Butt. The plaintiff acknowledged that Jamila Butt's power of attorney grants the defendant the authority to determine who may visit and communicate with Jamila Butt. Thus, pursuant to Jamila Butt's power of attorney, the defendant was permitted to deny the plaintiff's requests to visit or communicate with Jamila Butt, and the plaintiff failed to set forth any basis to disturb the defendant's exercise of this authority.
The Supreme Court also providently exercised its discretion in granting that branch of the defendant's cross-motion which was to direct the plaintiff to obtain judicial approval before filing any proceeding or action against the defendant regarding Jamila Butt or any estate planning documents regarding Jamila Butt and, in seeking judicial approval, to disclose to the court all legal actions involving Jamila Butt or the defendant in which the plaintiff is a party. There is ample basis in the record to support the court's determination to prevent the plaintiff from engaging in further vexatious litigation (see Matter of Woldeselassie v Colon, 227 AD3d 725, 727; Matter of Soumare v White, 214 AD3d 992, 993-994).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court