■ DANIELLE L. BONGIOVANNI, Respondent, v SEBASTIAN BONGIOVANNI, Appellant. [742 NYS2d 902] —In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated September 25, 2000, as granted the plaintiff wife's motion to find him to be in contempt of a support order of the same court, dated March 23, 1999, (2) from an order of the same court, dated September 26, 2000, which, upon a determination that he was in contempt of the order dated March 23, 1999, directed his incarceration for four months, (3) from an order of the same court (G. Garson, J.), dated January 23, 2001, which directed his incarceration for an additional 60 days for failure to purge himself of the

contempt, and (4), as limited by his brief, from so much of a judgment of the same court (G. Garson, J.), dated February 23, 2001, as directed him to pay the sum of $500 per month in child support retroactive to September 25, 2000, and directed him to repay the sum of $11,500 allegedly owed to the wife's mother.

Ordered that the order dated September 25, 2000, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 26, 2000, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 23, 2001, is reversed, on the law, without costs or disbursements, and the direction that he be incarcerated is vacated; and it is further,

Ordered that the judgment dated February 23, 2001, is affirmed insofar as appealed from, without costs or disbursements.

The defendant contends that the order dated September 25, 2000, insofar as it held him in contempt of the court's prior order of support dated March 23, 1999, and the order dated September 26, 2000, directing his incarceration for a period of four months based on the finding of contempt, are invalid on the ground that he was not apprised of his constitutional right to assigned counsel in violation of Family Court Act §§ 261 and 262. There is no merit to this claim, since there was no finding that the husband was indigent at the time (see Family Ct Act §§ 261, 262; Matter of DeMarco v Raftery, 242 AD2d 625).

However, the Supreme Court erred in issuing the order dated January 23, 2001, remanding the defendant for an additional 60 days of incarceration. The defendant either could have been incarcerated for up to six months or until he complied with the court's order, whichever was earlier, or incarcerated for a determinate term not to exceed six months. He could not be incarcerated for a determinate term of four months and then be incarcerated for an additional determinate term of 60 days (see Judiciary Law § 774 [1], [2]).

The defendant's remaining contentions are without merit. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.