■ In the Matter of Reynald Gonzalez, Respondent, v Diane E. Hunter, Appellant. [857 NYS2d 245]—

Spain, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 15, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of custody and visitation.

The parties, the parents of a child born in 2001, had joint legal and shared physical custody pursuant to an order of Family Court entered in September 2002, upon their stipulation. That order also contains a detailed visitation order which remains in effect. Subsequently, upon the parties' cross petitions, Family Court awarded petitioner (hereinafter the father) sole custody, but left the visitation order intact. In August 2006, the father commenced this violation proceeding against respondent (hereinafter the mother) alleging that she violated the visitation order in 2006 by failing to produce the child on (1) two dates he had requested as vacation dates (July 27 and 31), and (2) his regular visitation date of July 30. After a hearing at which only the parties testified, Family Court found the mother had willfully violated the visitation order, but imposed no punishment while cautioning the mother against any such future conduct. The mother now appeals.

The visitation order in issue provides that the parties shall each have alternate weekends and two specified but variable overnights during the week depending upon whether it is their upcoming weekend with the child. That order also allows each parent annually "a nine (9) day vacation period with the child, which may be consecutive . . . upon 45 day[s] written notice to the other party" and, for a "special vacation," which allows for a "14 day consecutive period." The agreement does not specify how consecutive days are achieved, e.g., whether a parent is required to request and use, as vacation, "regular" visitation days in addition to requesting specified vacations days in order to achieve the desired continuity. It is undisputed that the mother had adopted the practice of combining regularly scheduled visitation days with specifically requested vacation days in order to enjoy an uninterrupted vacation with the child.

It is also agreed that, in April 2006, the mother timely requested July 26, 28, 29 and August 1, 2006 as vacation days, intending to combine those vacation days with her regularly scheduled visitation days of July 27 and 31 and August 2 in order to attend her brother's wedding in Montana with the child. She did not then inform the father of her travel plans and ne-

glected to request Sunday, July 30, the father's regularly scheduled day. The father believed that the mother's practice of combining vacation and regular visitation days was improper, but neither parent sought clarification of that provision from Family Court. Instead, the father—toward the last day to do so, June 12, 2006—sent an e-mail requesting the mother's regular visitation days, July 27 and July 31, as his vacation days, days which the mother would obviously need to have an uninterrupted vacation with the child. The mother testified—and the father denied—that she immediately left him a message on his cell phone explaining her trip to Montana. She also testified—without contradiction—that she marked the vacation days on the child's day-care schedule, which the father crossed off. The father testified that he took July 31 (a regular visitation day for the mother) off of work, intending to take the child fishing for two days. It was also undisputed, however, that the two vacation days requested by the father (July 27 and 31)—which interrupted the mother's eight-day consecutive vacation—were the *only* vacation days that he requested in 2006.

" 'To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms' " (*Labanowski v Labanowski*, 4 AD3d 690, 694 [2004], quoting *Graham v Graham*, 152 AD2d 653, 654 [1989]). It must also be demonstrated that the offender's conduct or inaction "defeated, impaired, impeded, or prejudiced" the moving party's rights (Judiciary Law § 753 [A]; *see Labanowski v Labanowski*, 4 AD3d at 694). With regard to Sunday, July 30, the father's regular visitation day, the only reasonable conclusion is that the mother meant, but neglected, to request this day as a vacation day; her intent, as in the past, to achieve an uninterrupted vacation by combining vacation and regular visitation days was clear and uncontroverted and required this day as a vacation day. Thus, no finding of willfulness can be made[1] based upon her failure to make the child available to the father on that date (*compare Matter of Moran v Cavanaugh*, 39 AD3d 954, 956 [2007]).

Addressing Family Court's finding that the mother's denial of the father's two requested vacation days (July 27 and 31) constituted a willful violation of the visitation order, we cannot agree that the order contained an "unequivocal mandate" on how this conflict was to be resolved (*Matter of Bronson v Bronson*, 37 AD3d 1036, 1037 [2007]; *compare Labanowski v*

---

1. Family Court made no finding regarding this date.

*Labanowski*, 4 AD3d at 694). Notably, the mother was entitled to a nine-day consecutive vacation (arguably to an extended "special" 14-day vacation) and the visitation order does not specify how this could be achieved, i.e., whether a parent could combine regular visitation days and vacation days to achieve this, or is required to "use up" all nine vacation days by requesting them on regular days. Also, while she certainly should have discussed and resolved the conflict with the father directly in advance, there is no evidence that the mother intended to frustrate the father's vacation rights, only that she sought her own consecutive days for an important family event. By contrast, the father's thinly disguised intent was to create an obstacle to the mother's uninterrupted vacation plans and to her prior practice of combining days in this manner.

Even were we to defer to Family Court's credibility determination that the mother did not (as she testified) immediately leave a voice mail message[2] with the father when he made his request for vacation days in the middle of her eight-day planned vacation (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 710 [2007]), the parties' respective intents were still clear. Thus, we cannot conclude that the mother's unwillingness to allow the father to defeat her uninterrupted vacation rights (asserted earlier)—by failing to fulfill his obstructionist vacation request—constituted a willful violation so as to support a finding of contempt. Also, while the mother was required to apprise the father of a "telephone number and address" while away from home, the record reflects that he called her cell phone on July 27 and spoke with her. Further, even if she technically violated the visitation order or its spirit, we do not find that the mother's conduct defeated or prejudiced the father's visitation rights, which could have been, but were not, exercised on any other day that year (*see Dwyer v De La Torre*, 279 AD2d 854, 857 [2001]). Any prejudice to his rights was caused by his own conduct. We do find, however, that the mother should have clearly apprised the father—when she made her vacation request—of her intent and plans.

Finally, having reviewed the parties' oppositional and litigious history related to this child, we implore them to set aside their personal animus and to work together, cooperatively and reasonably, for the benefit of their child.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur.

---

**2.** The father's testimony that the mother did not respect that he had sole custody, and thought she could "just dictate and choose days and disappear . . .*just with a phone call*," strongly suggests that he did receive the mother's call (emphasis added).

Ordered that the order is reversed, on the law and facts, without costs, and petition dismissed.