■ In the Matter of MARTIN TERRY, Appellant, v TIFFANY M. OLIVER, Respondent. [883 NYS2d 232]—

In a proceeding pursuant to Family Court Act article 6, in which the father alleges that the mother willfully violated an order of visitation of the Family Court, Kings County (Lopez-Torres, J.), dated April 27, 2000, the father appeals from an order of the same court (O'Shea, J.), dated May 5, 2008, which denied the petition and dismissed the proceeding.

Ordered that the order dated May 5, 2008, is affirmed, without costs or disbursements.

An order of the Family Court dated April 27, 2000, awarded custody of the subject child to the mother and weekly visitation to the father, with visits to take place every Sunday from 10:00 A.M. to 6:00 P.M., and pick-up and delivery of the child to occur at a police precinct. At some point, the parties agreed that, instead of going to the police precinct, the father would pick up the child either at the mother's home or at the maternal grandmother's home. This practice continued for several years, until August 12, 2007, when the father insisted that the mother bring the child to the police precinct. The mother refused, and the father filed a petition alleging a violation of an order of visitation.

In alleging that the mother willfully violated the order of visitation, the father, in effect, sought to have the mother held in contempt for violating the order of visitation. Under the circumstances of this case, the father failed to establish that the mother should be penalized for any such violation. Since the parties had a long-standing agreement that the child could be picked up at the mother's or grandmother's home, and the father offered no valid reason for abandoning this arrangement without advance notice to the mother, it cannot be said that the mother "defeated, impaired, impeded, or prejudiced" the father's visitation rights when she asked him to pick up the child at her home on August 12, 2007 (Judiciary Law § 753 [A]; see Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 776 [2009]; Matter of Gonzalez v Hunter, 50 AD3d 1262, 1264 [2008]). Rather, it was the father's own conduct that deprived him of a visit with his child (see Matter of Gonzalez v Hunter, 50 AD3d at 1265; Dwyer v De La Torre, 279 AD2d 854, 857 [2001]). Accordingly, the Family Court properly denied the petition and dismissed the proceeding. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.