■ In the Matter of DAPHNEE JEAN, Appellant, v KWAME WASHINGTON, Respondent. [898 NYS2d 63]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Feldman, J.H.O.), dated July 14, 2009, which, without a hearing, dismissed her petition to modify an order of visitation dated November 24, 2008, and (2) an order of the same court, also dated July 14, 2009, which, without a hearing, dismissed her petition to hold the father in contempt for his willful violation of an order of the same court dated June 12, 2007.

Ordered that the order dismissing the petition to modify the order of visitation dated November 24, 2008, is reversed, on the law, without costs or disbursements, that petition is reinstated, and the matter is remitted to the Family Court, Kings County,

for a hearing to determine whether a modification of the visitation schedule is in the best interests of the child; and it is further,

Ordered that the order dismissing the petition to hold the father in contempt is affirmed, without costs or disbursements.

The Family Court improperly dismissed the mother's petition to modify the order of visitation. Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see* Family Ct Act § 467 [b]; § 652 [b]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-382 [2004]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]). Here, the mother met that burden, as the modification of visitation petition alleged that in the past year the father had missed "40-50%" of his visits with the subject child. Therefore, we reverse the order dismissing the petition to modify the order of visitation, reinstate that petition, and remit the matter to the Family Court, Kings County, for a hearing to determine whether a modification of the visitation schedule is in the best interests of the child.

The Family Court properly dismissed the mother's petition to hold the father in contempt. "The burden is on the moving party to demonstrate, by clear and convincing evidence, that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing a right of another party to the litigation" (*Matter of Brown v Mudry*, 55 AD3d 828, 828 [2008]). Further, "[a] hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*id.* at 829 [internal quotation marks omitted]). Here, no hearing was required because, at the time the petition was filed, there could be no violation of the visitation order since the father still had time to comply with the order. Further, contrary to the mother's contention, the summer visitation clause does not provide that the mother must have visitation with the child on the weekend following the father's two consecutive weeks of visitation with the child.

The mother's remaining contentions are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.