■ In the Matter of VASILIOS GIOUSOS, Appellant, v SIMONE GIOUSOS, Respondent. [899 NYS2d 647]—In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County, dated January 28, 2009 (St. George, J.), which, without a hearing, denied his petition, in effect, to modify the custody and visitation provisions of a judgment of divorce of the Supreme Court, Queens County (Sampson, J.), dated August 29, 2002, so as to award him sole custody of the subject child, and denied his petition, in effect, to hold the mother in contempt based on her alleged willful violation of a visitation order of the same court (Eisman, J.), dated August 6, 2008.

Ordered that the appeal from so much of the order as denied the father's petition, in effect, to modify the custody and visitation provisions of the parties' judgment of divorce is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Three weeks after denying the father's petition for sole custody of the subject child, the Family Court conducted a full evidentiary hearing on the mother's petition for custody. On February 18, 2009, the Family Court issued a final order of custody and visitation granting the parties joint legal custody, with residential custody to the mother. "It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). "In general an appeal will be

considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*id.* at 714; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-812 [2003], *cert denied* 540 US 1017 [2003]; *see also Matter of Gonzalez v Gonzalez*, 57 AD3d 896, 897 [2008]; *Matter of Russo v Russo*, 236 AD2d 412 [1997]). Under the circumstances herein, the Family Court's order dated February 18, 2009, has rendered academic the father's appeal from so much of the order dated January 28, 2009, as denied his petition for sole custody.

The Family Court properly denied the father's petition, in effect, to hold the mother in contempt based on her alleged violation of certain provisions of a visitation order dated August 6, 2008. The father failed to allege that the mother significantly defeated, impaired, or prejudiced his visitation rights (*see* Judiciary Law § 753 [A]; *Matter of Terry v Oliver*, 63 AD3d 1079 [2009]; *Matter of Gonzalez v Hunter*, 50 AD3d 1262, 1264 [2008]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.