In the Matter of RAYMOND C. MILLER SR., Appellant, v PATRICIA A. MILLER, Respondent. [933 NYS2d 924]—

Garry, J.

The parties are the parents of two children, born in 2004 and 2005. A custody order entered in March 2008 granted sole legal custody to respondent (hereinafter the mother) with visitation to petitioner (hereinafter the father) as agreed between the parties. Among other provisions, it further required that the children be properly supervised at all times and that neither parent smoke or allow a third party to smoke in a vehicle in which the children are passengers. In June 2010, the father filed a violation petition alleging that the mother was in contempt of this order in that she failed to properly supervise and discipline the children, as she had permitted the older child to be violent towards others and to smoke. Finding that the petition lacked

---

sufficient specificity to provide the mother with proper notice and failed to outline how the father's rights had been prejudiced, Family Court dismissed the petition without a hearing, but ordered a neglect investigation by the St. Lawrence County Department of Social Services. The father appeals, contending that a hearing was required.

We affirm. The petition was subject to the requirements of CPLR 3013, and thus required to "be sufficiently particular" as to provide notice to the court and opposing party of the occurrences to be proved and the material elements of each cause of action (CPLR 3013; *see* Family Ct Act § 165 [a]). The generalized allegations of the subject petition, even liberally construed, failed to provide the mother with notice of a particular event or violation such that she could prepare a defense (*see* CPLR 3026; Siegel, NY Prac § 208, at 344 [4th ed]). Further, the father failed to assert how the mother's alleged failings " 'defeated, impaired, impeded or prejudiced' " his rights, as required to sustain a civil contempt finding (*Matter of Lagano v Soule*, 86 AD3d 665, 666 [2011], quoting *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]). Finally, although Family Court properly ordered an investigation to determine whether a neglect or abuse proceeding should be initiated, this protective measure did not serve to remedy the defects in the father's petition. Accordingly, we find no error in the dismissal of the petition without a hearing (*see Matter of Brown v Mudry*, 55 AD3d 828, 828 [2008]; *Matter of Brennan v Anesi*, 283 AD2d 693, 694 [2001]).

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.