In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Dutchess County (Posner, J.), dated September 16, 2011, and January 26, 2012, respectively, which, without hearings, dismissed his petitions dated August 12, 2011, and January 13, 2012, respectively, to hold the mother in contempt for violating prior orders of the same court.
Ordered that the orders are affirmed, without costs or disbursements.
The father’s contention that the Family Court erred in failing to appoint counsel to represent him in these proceedings is without merit. The father does not fall within any of the enumerated classes of persons entitled to the assignment of counsel under the provisions of Family Court Act § 262 (a), and, under the circumstances of this case, he was not entitled to assigned counsel under the United States Constitution or the New York Constitution (see Family Ct Act § 262 [b]; Matter of Reiss v Giraldo, 77 AD3d 759, 760 [2010]). In addition, he failed to fully and timely make the disclosure necessary to support his claim of indigency (see Matter of Nilda S. v Dawn K., 302 AD2d 237, 237-238 [2003]; see also Matter of Anderson v Harris, 73 AD3d 456 [2010]; Bongiovanni v Bongiovanni, 295 AD2d 296, 297 [2002]).
The Family Court properly denied, without a hearing, the father’s petitions to hold the mother in contempt for her alleged violations of certain provisions of the court’s prior orders. The father failed to allege that the mother significantly defeated, impaired, impeded, or prejudiced his rights (see Judiciary Law § 753 [A]; Matter of Miller v Miller, 90 AD3d 1185, 1186 [2011]; Matter of Giousos v Giousos, 73 AD3d 775, 776 [2010]; Matter of Terry v Oliver, 63 AD3d 1079, 1080 [2009]; Matter of Gonzalez v Hunter, 50 AD3d 1262, 1264 [2008]). Moreover, a hearing is not required, even where a factual dispute exists, where, as here, *693 the allegations set forth in the petitions, even if accepted as true, are insufficient to support a finding of contempt (see Matter of Fewell v Koons, 87 AD3d 1405, 1406 [2011]).
The father’s remaining contentions are without merit. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.