In the Matter of LAURIE YOUNG, Appellant, v WILLIAM PETER FITZPATRICK, Respondent. [964 NYS2d 623]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated February 15, 2012, which, without a hearing, in effect, denied her petition alleging that the father violated certain provisions of an order of the same court dated January 28, 2009.

Ordered that the order is affirmed, without costs or disbursements.

In an order dated January 28, 2009, the Family Court, inter alia, granted the father sole custody of the subject child and directed that the mother, who is incarcerated, was entitled to receive letters from the child and respond to the letters. In October 2010 the mother filed a violation petition alleging that the father willfully violated the order by moving without informing her of his new address. In the order appealed from, the Family Court, in effect, denied the mother's petition.

The mother's petition was subject to the requirements of CPLR 3013 and, thus, the factual allegations contained therein were required to be "sufficiently particular to give the court and parties notice of the . . . occurrences . . . intended to be proved and the material elements of each cause of action" (CPLR 3013; *see Matter of Little v Renz*, 90 AD3d 757 [2011]; *Matter of Miller v Miller*, 90 AD3d 1185, 1186 [2011]). Even when they are liberally construed, the allegations in the petition did not set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for finding that the father willfully violated the order dated January 28, 2009 (*see Matter of Zelodius C. v Danny L.*, 39 AD3d 320 [2007]; *Matter of Greenblatt v Van Deusen*, 87 AD2d 713 [1982]), since that order did not clearly express an unequivocal mandate that the father notify the mother of a change of address (*see Matter of Formosa v Litt*, 91 AD3d 644 [2012]; *Matter of King v King*, 249 AD2d 395 [1998]).

The mother's remaining contention is without merit. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.