■ JENNIFER WHITEHEAD, Respondent, v ADAM WHITEHEAD, Appellant. [998 NYS2d 99]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated November 19, 2013, as denied, without a hearing, those branches of his motion which were to hold the plaintiff in civil contempt and to modify the custody and visitation provisions of a so-ordered stipulation entered December 14, 2010, and granted those branches of the plaintiff's cross motion which were for awards of child support arrears and an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied, without a hearing, that branch of the appellant's motion which was to modify the parties' existing custody and visitation arrangements. In order to modify an existing court-sanctioned custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Kortlang v Kortlang*, 92 AD3d 785, 785 [2012]; *Matter of Manzella v Milano*, 82 AD3d 1242, 1242 [2011]; *Matter of Arduino v Ayuso*, 70 AD3d 682, 682 [2010]). "A party seeking such a modification is not automatically entitled to a hearing on the application, but first must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *see Matter of Deochand v Deochand*, 80 AD3d 609, 610 [2011]; *Matter of Mazzola v Lee*, 76 AD3d 531 [2010]). Moreover, "a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident de-

termination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]; *see Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Smith v Molody-Smith*, 307 AD2d 364 [2003]). Here, the defendant failed to make the necessary showing entitling him to a hearing regarding that branch of his motion which was for a change of custody or to modify the parties' visitation arrangement (*see McNally v McNally*, 28 AD3d 526 [2006]; *cf. Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640 [2013]). Moreover, the court's determination that the best interests of the parties' children did not warrant modification of prior orders of custody and visitation had a sound and substantial basis in the record.

The Supreme Court also properly denied that branch of the defendant's motion which was to hold the plaintiff in contempt for her alleged violations of the judgment of divorce, as modified by the parties' stipulations. Contrary to the defendant's contention, his papers failed to sufficiently allege that the plaintiff significantly defeated, impaired, impeded, or prejudiced his rights (*see* Judiciary Law § 753 [A]; *Matter of Perez v Richmond*, 104 AD3d 692, 692 [2013]).

The Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $2,000 as an attorney's fee (*see Alleva v Alleva*, 112 AD3d 567 [2013]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.