■ In the Matter of MICHAEL F., III. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHREEIS J., Respondent. MICHAEL F., JR., Nonparty Appellant. [59 NYS3d 425]—

Appeal by the nonparty father from an order of the Family Court, Kings County (Anne E. O'Shea, J.), dated March 7, 2016. The order, insofar as appealed from, without a hearing, granted that branch of the mother's motion which was to hold the father in civil contempt of a prior order of disposition of that court dated December 23, 2014.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the mother's motion which was to hold the father in civil contempt of the prior order of disposition of the Family Court dated December 23, 2014, is denied.

In this Family Court Act article 10 proceeding commenced against the respondent mother, the Family Court, by order dated March 7, 2016, inter alia, granted that branch of the mother's motion which was to hold the nonparty father in civil contempt of a prior order of disposition. The father appeals.

The Family Court should have denied that branch of the mother's motion which was to hold the father in civil contempt of the prior order of disposition. To prevail on a motion to hold another in civil contempt, the moving party must prove by clear and convincing evidence "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying

the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013] [internal quotation marks omitted], *affd* 26 NY3d 19 [2015]). "To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (*Astrada v Archer*, 71 AD3d 803, 806-807 [2010]). Here, the mother's papers failed to sufficiently allege that the father defeated, impaired, impeded, or prejudiced her rights (*see* Judiciary Law § 753 [A]; *Whitehead v Whitehead*, 122 AD3d 921, 922 [2014]). Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.