Matter of Gordon v Ngoun (2023 NY Slip Op 01294)

Matter of Gordon v Ngoun

2023 NY Slip Op 01294

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00652
 (Docket No. V-16294-19/20A)

[*1]In the Matter of Ivan Gordon, appellant,
v
Bopha Ngoun, respondent.

Heath J. Goldstein, Jamaica, NY, for appellant.
Michael E. Lipson, Jericho, NY, for respondent.
Terrence J. Worms, Flushing, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated August 6, 2021. The order, insofar as appealed from, dismissed the father's petition to enforce a temporary order of parental access of the same court dated February 11, 2020.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The parties are the parents of a child born in 2017. In a temporary order of parental access dated February 11, 2020, which expired by its terms on April 24, 2020, the father was awarded parental access with the child. In June 2020, the father filed a petition to enforce the temporary order of parental access, alleging that he was deprived of parental access on May 28, 2020. However, the enforcement petition did not seek makeup time for the alleged missed parental access and, instead, sought a modification of the parental access schedule. In an order dated August 6, 2021, the Family Court, inter alia, dismissed the enforcement petition with prejudice, and the father appeals.
It is undisputed that the Family Court thereafter issued an order dated February 10, 2022, inter alia, setting forth a final parental access schedule for the father.
Under the circumstances of this case, we agree with the mother's contention that the appeal is academic (see Matter of Giousos v Giousos, 73 AD3d 775, 776).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court