Matter of Tonya YY. v James ZZ. (2023 NY Slip Op 05435)

Matter of Tonya YY. v James ZZ.

2023 NY Slip Op 05435

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

536038
[*1]In the Matter of Tonya YY., Appellant,
v
James ZZ., Respondent.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Christopher Hammond, Cooperstown, for appellant.
Natalie B. Miner, Homer, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Chenango County (Frank B. Revoir Jr., J.), entered August 18, 2022, which, in a proceeding pursuant to Family Ct Act article 6, granted the attorney for the children's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2006 and 2009). Pursuant to a March 2017 stipulation and order, the parties shared joint custody with week-to-week placement. Thereafter, following the filing of two petitions and a cross-petition seeking modification, that order was modified in a March 2019 order which awarded the father sole custody of the children with the mother having parenting time on the first, second and fourth weekends of each month from after school on Friday until Sunday. In April 2022, the mother filed a violation petition alleging that the father had willfully violated the March 2019 order because she has not seen the older child since August 2021 or the younger child since January 2022. During the initial appearance, Family Court found the petition to be insufficient and considered the attorney for the children's position as a motion to dismiss, thereby dismissing the petition without a hearing. The mother appeals.
The mother narrowly contends that Family Court erred in dismissing the violation petition without a hearing. We disagree. A violation petition is "subject to the requirements of CPLR 3013, and thus [is] required to be sufficiently particular as to provide notice to the court and opposing party of the occurrences to be proved and the material elements of each cause of action" (Matter of Miller v Miller, 90 AD3d 1185, 1186 [3d Dept 2011] [internal quotation marks and citation omitted], lv dismissed 18 NY3d 944 [2012]). In order to prevail on a violation petition, the proponent must establish, as relevant here, "that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Timothy RR. v Peggy SS., 206 AD3d 1123, 1124 [3d Dept 2022] [internal quotation marks and citations omitted]). Although an evidentiary hearing is required where a violation petition sets forth sufficient allegations that could support granting the relief sought (see Matter of Shannon X. v Koni Y., 180 AD3d 1168, 1169 [3d Dept 2020]), "a hearing is not required, even where a factual dispute exists, where, as here, the allegations set forth in the petition[ ], even if accepted as true, are insufficient to support a finding of contempt" (Matter of Perez v Richmond, 104 AD3d 692, 692-693 [2d Dept 2013]; see Matter of Miller v Miller, 90 AD3d at 1186).
Here, although the allegations contained in the petition establish that the children — who were 13 and 16 years of age at the relevant time — were unwilling to comply with the parenting time schedule set forth in the modified order, there were no allegations in the petition [*2]that the father acted in a way that defeated, impaired or prejudiced a right of the mother. Nor were there any allegations of the father's willful violation of the March 2019 order. Rather, during the initial appearance, the father and the attorney for the children represented to Family Court that he had continued to make efforts and encourage the children to spend time with the mother — who did not refute this claim, and further acknowledged that both children had ceased to respond to her phone calls, text messages and other electronic messages (see generally Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1424-1425 [3d Dept 2020]; Matter of Jeffrey VV. v Angela VV., 176 AD3d 1413, 1416 [3d Dept 2019]). Further, the attorney for the children highlighted that there had been approximately 137 petitions filed between the parties, including the most recent modification that resulted in a change of custody in favor of the father following several instances of concerning conduct by the mother. Despite that the petition alleged that the youngest child had become "alienated" from the mother and her family, this statement and the other generalized allegations in the violation petition, even when liberally construed, failed to provide the father with notice of a particular event or violation for which he could prepare a defense (see Matter of Harvey P. v Contrena Q., 212 AD3d 1023, 1024 [3d Dept 2023]; see also Matter of Constantine v Hopkins, 101 AD3d 1190, 1191-1192 [3d Dept 2012]). Accordingly, Family Court properly dismissed the mother's violation petition without a hearing (see Matter of Perez v Richmond, 104 AD3d at 692-693; Matter of Miller v Miller, 90 AD3d at 1186). We have examined the parties' remaining contentions and have found them to be academic or without merit.
Clark, J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.