Matter of Koska v Koska (2024 NY Slip Op 01922)

Matter of Koska v Koska

2024 NY Slip Op 01922

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00884
 (Docket Nos. V-7243-20/21B, V-7244-20/21B)

[*1]In the Matter of Richard Thomas Koska, appellant,
v
Shari Jill Koska, respondent.

Thomas J. Butler, Melville, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated September 9, 2021. The order, without a hearing, upon granting the mother's application, in effect, pursuant to CPLR 3211(a)(7) to dismiss the father's petition alleging that the mother violated an order of the same court dated August 17, 2020, dismissed the father's petition.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the divorced parents of two children, one born in 2003 and the other in 2007. In 2018, the parties entered into a stipulation in the divorce action resolving issues of custody and parental access, wherein they agreed to share joint custody of the children. On August 17, 2020, in related custody and parental access proceedings, the Family Court issued an order in response to allegations that the younger child had injured the older child (hereinafter the August 2020 order). The court directed "that the [younger child] should not be left alone with [the older child] when in the care or custody of either party." Thereafter, on June 25, 2021, the father filed a petition alleging that the mother violated the August 2020 order. In support thereof, the father asserted that he had obtained a recording of the younger child stating "that he was alone with [the older child]." That same day, the father appeared before the court and provided certain additional details relating to his petition. The father subsequently prepared a document purporting to be a transcript of the recording mentioned in his petition, which was thereafter filed with the court. On September 9, 2021, the parties appeared before the court for a hearing, among other things, on the father's petition. Prior to the commencement of the hearing however, the mother's attorney made an oral application, in effect, pursuant to CPLR 3211(a)(7) to dismiss the father's petition. By order dated September 9, 2021, the court granted the mother's application without a hearing and dismissed the father's petition. The father appeals.
In order to punish a party for civil contempt, "[t]he burden is on the moving party to demonstrate, by clear and convincing evidence, that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing a right of another party to the litigation" (Matter of Jean v Washington, 71 AD3d 1145, 1146 [internal [*2]quotation marks omitted]; see Matter of Kraemer v Strand-O'Shea, 66 AD3d 901, 901). Therefore, to establish a "violation of a Family Court order, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Sicina v Gorish, 209 AD3d 658, 658 [internal quotation marks omitted]). In order to demonstrate the requisite prejudice, the petitioner must show that the respondent's acts or omissions "significantly defeated, impaired, impeded, or prejudiced his [or her] rights" (Matter of Perez v Richmond, 104 AD3d 692, 692; see Matter of Tonya YY. v James ZZ., 220 AD3d 1149, 1150-1151; Matter of Michael F. [Shreeis J.], 152 AD3d 770, 771). Indeed, the violation of a court order, standing alone, is insufficient to punish a party for civil contempt (see Matter of Sheehan v Sheehan, 192 AD3d 894, 895). If the petitioner "makes the required showing, the burden shifts to the [respondent] to refute that showing, or to offer evidence of a defense such as an inability to comply with the order" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). "Further, a hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Matter of Jean v Washington, 71 AD3d at 1146 [alterations and internal quotation marks omitted]; see Matter of Brown v Mudry, 55 AD3d 828, 829). Moreover, "[a] violation petition is subject to the requirements of CPLR 3013, and thus is required to be sufficiently particular as to provide notice to the court and opposing party of the occurrences to be proved and the material elements of each cause of action" (Matter of Tonya YY. v James ZZ., 220 AD3d at 1149-1150 [alterations and internal quotation marks omitted]; see Matter of Young v Fitzpatrick, 106 AD3d 830, 831; Matter of Miller v Miller, 90 AD3d 1185, 1186).
"When reviewing a motion to dismiss pursuant to CPLR 3211(a)(7), which is proper" in Family Court proceedings because they "are civil in nature, we afford the petition a liberal construction, accept the allegations contained therein as true, and grant the petitioner the benefit of every favorable inference" (Matter of Cote v Berger, 112 AD3d 821, 822 [citation omitted]; see Matter of Sult v Sult, 165 AD3d 1152, 1152-1153). Nonetheless, dismissal is warranted where "the allegations in the petition [do] not set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for" granting the relief sought (Matter of Young v Fitzpatrick, 106 AD3d at 831).
By alleging that the mother violated the August 2020 order, the father sought to have the mother held in contempt for violating that order (see Matter of Terry v Oliver, 63 AD3d 1079, 1080). However, liberally construing the allegations in the father's petition and granting him the benefit of every favorable inference, the father's allegations, even if established at an evidentiary hearing, could not afford a basis for a finding that the mother violated the August 2020 order (see Matter of Cote v Berger, 112 AD3d at 822; Matter of Young v Fitzpatrick, 106 AD3d at 831; Matter of Philie v Singer, 79 AD3d 1041, 1042). Even assuming the father adequately alleged a violation of the August 2020 order, he failed to set forth facts that could support a finding that the mother "significantly defeated, impaired, impeded, or prejudiced his rights" (Matter of Perez v Richmond, 104 AD3d at 692; see Matter of Miller v Miller, 90 AD3d at 1186; Matter of Terry v Oliver, 63 AD3d at 1080). In any event, the materials the father subsequently submitted in support of his petition provided the Family Court with adequate information to conclude, without a hearing, that the father could not establish a violation (see Matter of Colon v Sawyer, 107 AD3d 794, 794-795; Matter of Jean v Washington, 71 AD3d at 1146; cf. Matter of Pedicini v Hull, 223 AD3d 672, 672-674). Therefore, the court correctly granted the mother's application and dismissed the father's petition (see Matter of Young v Fitzpatrick, 106 AD3d at 831; Matter of Morisseau v Morisseau, 27 AD3d 651, 652; cf. Matter of Buck v Buck, 154 AD3d 1134, 1135).
The father's remaining contention is without merit.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court