Matter of Tomomi N. v Michael G. (2025 NY Slip Op 02011)

Matter of Tomomi N. v Michael G.

2025 NY Slip Op 02011

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Docket No. V-21714-17/23 V-21715-17/23 V-13414-19/23 V-13415-19/23|Appeal No. 4037|Case No. 2024-01332|

[*1]In the Matter of Tomomi N., Petitioner-Appellant,
v
Michael G., Respondent-Respondent. 

The Kron Law Firm, Brooklyn (Daniel L. Kron of counsel), for appellant.
Miller Zeiderman LLP, New York (Shauna Tesser-Friedman of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

Order, Family Court, New York County (Jacob K. Maeroff, Ref.), entered on or about February 14, 2024, which granted respondent father's application to dismiss petitioner mother's petition for violation of an order of custody and violation of an order of visitation, unanimously modified, on the law and the facts, to dismiss the petition with prejudice only as to the incident alleged to have occurred on September 5, 2023, to dismiss the petition without prejudice as to the other allegations, and otherwise affirmed, without costs.
Family Court properly granted the application to dismiss the mother's violation petition with prejudice as to the only incident described with specificity by the mother, which she alleged occurred on September 5, 2023. The petition is subject to the requirements of CPLR 3013, which require pleading allegations to "be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; see also Matter of Young v Fitzpatrick, 106 AD3d 830, 831 [2d Dept 2013]). The allegations in the mother's petition and attached spreadsheet are too vague and conclusory to set forth facts which, if established at an evidentiary hearing, could afford a basis for finding that the father violated a clear and unequivocal mandate contained in a court order (see Matter of Donique T. v Administration for Children's Servs., 193 AD3d 490, 491 [1st Dept 2021]). The petition describes only one incident on September 5, 2023 on which she says she was unable to visit the children and concedes that the father was not present on that occasion. As to that incident, the court properly dismissed the petition with prejudice (CPLR 3211[a][7]).
We also note that Family Court's order dated March 26, 2019, which purportedly directed the parties to follow the parenting access schedule set forth in the December 3, 2019 custody and parenting agreement, was not annexed to the mother's petition (nor is it included in the record on appeal).
Even affording the mother a liberal construction of her petition, the Referee properly declined to hold a full evidentiary hearing or set a briefing schedule. The transcript for the February 14, 2024 proceeding establishes that the mother's counsel
did not wish to be heard on the father's application, nor did the mother's counsel request a hearing or briefing schedule or seek to amend the petition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025