Matter of Devlin v Eriksson (2026 NY Slip Op 01357)

Matter of Devlin v Eriksson

2026 NY Slip Op 01357

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2024-12405
 (Docket No. V-475-15/24L)

[*1]In the Matter of Andrew J. Devlin, appellant,
vMerry R. Eriksson, respondent.

John R. Lewis, Sleepy Hollow, NY, for appellant.
Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for respondent.
Bonnie C. Brennan, New Windsor, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated October 21, 2024. The order, without a hearing, granted the mother's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the father's petition alleging that the mother violated a prior order of the same court and dismissed the petition without prejudice.
ORDERED that the order dated October 21, 2024, is affirmed, without costs or disbursements.
The parties are the unmarried parents of a child born in 2014. In May 2024, the father filed a petition for violation of a prior court order but failed to identify any prior order that was violated. The petition alleged, among other things, that the mother had removed the child from therapy and that she had taken the child out of state on vacation with insufficient notice to the father. The petition did not include any details about the incidents alleged, including when they allegedly occurred.
The mother moved, in effect, pursuant to CPLR 3211(a)(7) to dismiss the father's petition. In an order dated October 21, 2024, the Family Court, without a hearing, granted the motion and dismissed the petition without prejudice. The father appeals.
"To establish a willful violation of a Family Court order and punish a party for civil contempt, the petitioner has the burden of proving his or her case by clear and convincing evidence" (Matter of Unger v Ha, 234 AD3d 783, 785 [internal quotation marks omitted]; see Matter of Sicina v Gorish, 209 AD3d 658, 658). "The burden is on the petitioner to demonstrate that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing the petitioner's rights" (Matter of Unger v Ha, 234 AD3d at 785 [alteration and internal quotation marks omitted]; Matter of Capruso v Kubow, 195 AD3d 614, 616). "Prejudice is shown where the party's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of the petitioner" (Matter of Unger v Ha, 234 AD3d at 785 [alteration and internal quotation marks omitted]). "A violation petition is subject to the [*2]requirements of CPLR 3013, and thus is required to be sufficiently particular as to provide notice to the court and opposing party of the occurrences to be proved and the material elements of each cause of action" (Matter of Koska v Koska, 226 AD3d 780, 782 [internal quotation marks omitted]).
"When reviewing a motion to dismiss pursuant to CPLR 3211(a)(7), which is proper in Family Court proceedings because they are civil in nature, we afford the petition a liberal construction, accept the allegations contained therein as true, and grant the petitioner the benefit of every favorable inference" (id.; see Matter of Xin Li v Ramos, 125 AD3d 681, 682). "Nonetheless, dismissal is warranted where the allegations in the petition do not set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought" (Matter of Koska v Koska, 226 AD3d at 782 [alteration and internal quotation marks omitted]).
Here, liberally construing the allegations in the petition and granting the father the benefit of every favorable inference, the allegations, even if established at an evidentiary hearing, failed to provide a basis for a finding that the mother violated a prior court order (see id.; Matter of Tomomi N. v Michael G., 237 AD3d 436, 437). The petition also failed to set forth sufficient facts to support a finding that the mother defeated, impaired, impeded, or prejudiced the father's rights (see Matter of Koska v Koska, 226 AD3d at 782; Matter of Michael F. [Shreeis J.], 152 AD3d 770, 771; Whitehead v Whitehead, 122 AD3d 921, 922). Therefore, the Family Court properly granted the mother's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the father's petition and dismissed the petition (see Matter of Tomomi N. v Michael G., 237 AD3d at 437; Matter of Koska v Koska, 226 AD3d at 782-783).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light our determination.
DILLON, J.P., BRATHWAITE NELSON, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court