Matter of Lengyel v Lengyel

2026 NY Slip Op 01964

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Robert J. Lengyel, appellant,

v

Susan A. Lengyel, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-11060, (Docket No. V-835-23/24B)

Cheryl E. Chambers, J.P.

Paul Wooten

Lillian Wan

Phillip Hom, JJ.

Gunilla Perez-Faringer, White Plains, NY, for appellant.

Susan A. Lengyel, Clinton Corners, NY, respondent pro se.

Gary E. Eisenberg, New City, NY, attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated September 19, 2024. The order, without a hearing, dismissed the father's petition to enforce the parental access provisions of an order of the same court dated November 15, 2023, and the parties' separation agreement dated February 24, 2017, and to hold the mother in contempt for failure to comply with certain provisions of the order dated November 15, 2023, and the separation agreement.

ORDERED that the order dated September 19, 2024, is affirmed, without costs or disbursements.

The parties are divorced and have one child together, born in 2011. In a separation agreement dated February 24, 2017, which was incorporated but not merged into a judgment of divorce entered November 29, 2017, the parties agreed to share joint legal custody of the child and that the mother would have primary residential custody of the child, with certain parental access to the father. In an order dated November 15, 2023 (hereinafter the November 2023 order), entered on consent of the parties, the Family Court, inter alia, modified the judgment of divorce to the extent that it directed parental access between the father and the child "as agreed to by the parties," ordered that the "father shall provide the child with a cell phone . . . so that the [ ] father can communicate with the child directly," and that the "father shall be able to speak with the child on Tuesdays, Thursdays and Saturdays, beginning between 6:00 and 6:30 p.m."

Thereafter, in September 2024, the father filed a petition to enforce the parental access provisions of the November 2023 order and the separation agreement, and to hold the mother in contempt for failure to comply with certain provisions of the November 2023 order and the separation agreement. In an order dated September 19, 2024, the Family Court, without a hearing, dismissed the father's petition. The father appeals.

The Family Court, without a hearing, did not err in dismissing that branch of the petition which was to hold the mother in contempt for violating certain provisions of the November 2023 order and the separation agreement. In order to punish a party for civil contempt, "[t]he burden is on the moving party to demonstrate, by clear and convincing evidence, that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby [*2]prejudicing a right of another party to the litigation" (Matter of Jean v Washington, 71 AD3d 1145, 1146 [internal quotation marks omitted]; see Matter of Koska v Koska, 226 AD3d 780, 781). "If the petitioner makes the required showing, the burden shifts to the [respondent] to refute that showing, or to offer evidence of a defense such as an inability to comply with the order" (Matter of Koska v Koska, 226 AD3d at 781 [internal quotation marks omitted]). "Further, a hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Matter of Jean v Washington, 71 AD3d at 1146 [alteration and internal quotation marks omitted]).

Here, the father's allegations, even if established at an evidentiary hearing, could not afford a basis for finding that the mother violated the November 2023 order, because the father failed to allege any facts or circumstances of the mother's conduct subsequent to the issuance of that order (see Matter of Unger v Koren Ha, 234 AD3d 783, 785; Matter of Chichra v Chichra, 148 AD3d 883, 885). Even assuming that the father adequately alleged a violation of the November 2023 order or the separation agreement, he failed to set forth facts that, if proven, would "rise to the level of deliberate frustration or active interference with the noncustodial parent's visitation rights" (Matter of Mazzola v Lee, 76 AD3d 531, 532 [internal quotation marks omitted]; see Matter of Lew v Lew, 214 AD3d 732, 734).

For the same reasons, the Family Court, without a hearing, properly dismissed that branch of the father's petition which was to enforce the parental access provisions of the November 2023 order and the separation agreement.

The father's remaining contention is without merit.

Accordingly, the Family Court, without a hearing, properly dismissed the father's petition to enforce the parental access provisions of the November 2023 order and the separation agreement, and to hold the mother in contempt for failure to comply with certain provisions of the November 2023 order and the separation agreement.

CHAMBERS, J.P., WOOTEN, WAN and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court