Matter of Marisol Y. v Steven Z.

2026 NY Slip Op 02186

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Marisol Y., Appellant,

v

Steven Z., Respondent.

Decided and Entered:April 9, 2026

CV-25-0538

Calendar Date: February 9, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Barbara Ann Montena, Ballston Spa, for appellant.

Steven Z., Corinth, respondent pro se.

Nicole R. Rodgers, Saratoga Springs, attorney for the child.

[*1]

Corcoran, J.

Appeal from an order of the Family Court of Saratoga County (Amy Knussman, J.), entered March 18, 2025, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of the subject child (born in 2010). The counseled parties entered into a March 22, 2024 order of custody on consent incorporating a stipulation of settlement which provided the father with primary physical custody and the mother with parenting time. As relevant here, the stipulation provided that "any parenting time for the [m]other shall take into consideration the child's wishes . . . and the child's wishes shall prevail." With respect to visitation, the stipulation stated that "[t]he [f]ather shall encourage the child to visit the [m]other," but that "neither parent shall put unnecessary pressure on the child to visit or contact the [m]other," and "[s]hould the child continue in his refusal to exercise parenting time with the [m]other, the [f]ather shall not be held in contempt of [c]ourt, nor shall he be the subject of a violation, solely on this basis." The stipulation authorized each parent to obtain the child's medical records directly and to communicate with the child's health care providers but prohibited either party from preventing the other from doing the same.

In September 2024, the mother filed a violation petition alleging that she had seen the child only once in approximately two years and that the father failed to encourage visitation. She further alleged that when she went to the child's pediatrician's office in the Town of Clifton Park, Saratoga County, she was informed that she had been removed from the office's "call list" and that the child was now receiving care in the City of Saratoga Springs, Saratoga County. At the initial appearance, the father made an oral motion, in effect, to dismiss the petition for failure to state a cause of action pursuant to CPLR 3211 (a) (7); the attorney for the child joined his motion. Family Court granted the father's motion and dismissed the petition without conducting a hearing. The mother appeals, and we affirm.

A violation petition is subject to the pleading requirements of CPLR 3013 and must be sufficiently particular to provide the court and the opposing party with notice of the occurrences to be proved and the material elements of the alleged violation (see Family Ct Act § 165 [a]; Matter of Tomomi N. v Michael G., 237 AD3d 436, 437 [1st Dept 2025]; Matter of Tonya YY. v James ZZ., 220 AD3d 1149, 1149-1150 [3d Dept 2023]; Matter of Miller v Miller, 90 AD3d 1185, 1186 [3d Dept 2011], lv dismissed 18 NY3d 944 [2012]). "[A] party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party [*2]disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1299 [3d Dept 2024] [internal quotation marks and citations omitted]). The proponent of a violation petition must "establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, and that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent" (Matter of Jason VV. v Brittany XX., 230 AD3d 1398, 1402 [3d Dept 2024] [internal quotation marks, brackets and citation omitted]).

"When reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), which is proper in Family Court proceedings because they are civil in nature, we afford the petition a liberal construction, accept the allegations contained therein as true, and grant the petitioner the benefit of every favorable inference" (Matter of Koska v Koska, 226 AD3d 780, 782 [2d Dept 2024] [internal quotation marks and citations omitted]). Dismissal without a hearing is warranted when the petition fails to set forth sufficient facts that, if established at a hearing, would provide a basis for granting the relief sought (see Matter of Tonya YY. v James ZZ., 220 AD3d at 1150).

Here, Family Court properly dismissed the violation petition without a hearing. Even liberally construed, the mother's allegation that the father failed to encourage visitation over an approximately two-year period was too vague and conclusory to provide the father "with notice of a particular event or violation such that [ ]he could prepare a defense" (Matter of Miller v Miller, 90 AD3d at 1186). Nor do the mother's remaining allegations, even if accepted as true, warrant a hearing or support a finding of contempt. The parties seemingly agreed that the subject child independently resisted parenting time with the mother based upon their stipulation that his refusal alone would not evince contemptuous conduct by the father. Accordingly, the allegation that the mother had limited contact with the child over an extended period, standing alone, does not establish a violation of the parties' stipulation or support a finding of contempt. Similarly, the stipulation authorized each parent to obtain medical records and communicate with providers and prohibited either parent from engaging in conduct that would prevent the other from doing so. However, the petition did not allege that the father interfered with the mother's ability to obtain medical information, nor did it allege that the father impeded the mother's access to records. Instead, the petition merely described an apparent change by the medical practice in assigning a particular provider and removing the mother from an internal "call list," without alleging any conduct by the father that contravened the stipulation. Under these circumstances[*3], the allegations set forth in the petition, even if accepted as true, were insufficient to support a finding of contempt, and Family Court properly dismissed the petition without a hearing.

Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.

ORDERED that the order is affirmed, without costs.